Jeffrey H. Reeves, SBN 156648
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1400
Irvine, California 92614-8557
jreeves@gibsondunn.com
(949) 451-3800 (Telephone)
(949) 451-4220 (Facsimile)

and

S. Ashlie Beringer (*admitted pro hac vice*)
Joshua A. Jessen, SBN 222831
Laura M. Sturges (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80220
aberinger@gibsondunn.com
(303) 298-5718 (Telephone)
(303) 313-2868 (Facsimile)

Attorneys for Plaintiffs

[Defendants' Counsel Listed On Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA, LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC,<br><br>        Plaintiffs,<br><br>      v. | **CASE NO. 06-07727 (JW)(PVT)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>AS MODIFIED BY THE COURT |

| | |
|---|---|
| 1<br>2<br>3 | WILLIAM E. SAGAN, an individual, NORTON LLC, a limited liability company, and BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, |
| 4 | Defendants. |
| 5 | |
| 6<br>7<br>8 | NORTON LLC, a limited liability company, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, and WILLIAM E. SAGAN, an individual, |
| 9 | Counterclaimants, |
| 10 | v. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC, ROBERT WEIR, an individual, WARNER MUSIC GROUP CORP., a Delaware corporation, RHINO ENTERTAINMENT, its subsidiary, and BRAVADO INTERNATIONAL GROUP, INC., a California corporation, |
| 21 | Counterclaim Defendants. |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4. "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. <u>House Counsel</u>: attorneys who are employees of a Party.

2.11. <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

1  material, documents, items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.
3      Mass, indiscriminate, or routinized designations are prohibited. Designations that are
4  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
5  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses
6  and burdens on other parties), expose the Designating Party to sanctions.
7      If it comes to a Party's or a non-party's attention that information or items that it
8  designated for protection do not qualify for protection at all, or do not qualify for the level of
9  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
10 withdrawing the mistaken designation.
11     5.2.   Manner and Timing of Designations.  Except as otherwise provided in this
12 Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,
13 material that qualifies for protection under this Order must be clearly so designated before the
14 material is disclosed or produced.
15     Designation in conformity with this Order requires:
16     (a)   for information in documentary form (apart from transcripts of
17 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or
19 bottom of each page that contains protected material.  If only a portion or portions of the material on
20 a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
21 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of
22 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
23 ATTORNEYS' EYES ONLY").
24     A Party or non-party that makes original documents or materials available for
25 inspection need not designate them for protection until after the inspecting Party has indicated which
26 material it would like copied and produced.  During the inspection and before the designation, all of
27 the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

Gibson, Dunn &
Crutcher LLP

5

1  copied and produced, the Producing Party must determine which documents, or portions thereof,
2  qualify for protection under this Order, then, before producing the specified documents, the
3  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains
5  Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the
6  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
7  markings in the margins) and must specify, for each portion, the level of protection being asserted
8  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").
9              (b)     <u>for testimony given in deposition or in other pretrial or trial
10 proceedings</u>, that the Party or non-party offering or sponsoring the testimony (or other Party or non-
11 party that has a good-faith basis to designate the testimony for protection) identify on the record,
12 before the close of the deposition, hearing, or other proceeding, all protected testimony, and further
13 specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately
15 each portion of testimony that is entitled to protection, and when it appears that substantial portions
16 of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
17 testimony (or any other Party or non-party that has a good-faith basis to designate the testimony for
18 protection) may invoke on the record (before the deposition or proceeding is concluded) a right to
19 have up to 30 days from receipt of the official court reporter's transcript to identify the specific
20 portions of the testimony as to which protection is sought and to specify the level of protection being
21 asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").
22 When such a right is invoked, and absent an agreement among the Parties (and, if applicable, non-
23 party) or a court order to the contrary, the entire transcript shall be treated as "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the 30-day period has expired.  Following
25 the 30-day period, only those portions of the testimony that are appropriately designated for
26 protection shall be covered by the provisions of this Stipulated Protective Order.
27              Transcript pages containing Protected Material must be separately bound by
28 the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-
2  party offering or sponsoring the witness or presenting the testimony.

3  (c) <u>for information produced in some form other than documentary, and for
4  any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
5  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information
7  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
8  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'
9  Eyes Only."

10  5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
11  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'
12  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under
13  this Order for such material. If material is appropriately designated as "Confidential" or "Highly
14  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,
15  on timely notification of the designation, must make reasonable efforts to assure that the material is
16  treated in accordance with the provisions of this Order.

17  6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

18  6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
19  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
20  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
21  its right to challenge a confidentiality designation by electing not to mount a challenge promptly
22  after the original designation is disclosed.

23  6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
24  Party's confidentiality designation must do so in good faith and must begin the process by
25  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
26  with counsel for the Designating Party. In conferring, the challenging Party must explain the basis
27  for its belief that the confidentiality designation was not proper and must give the Designating Party
28  an opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b) any Party (as defined in this Order), including House Counsel of a Party, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) the following designated representatives on behalf of certain Plaintiffs (who are managers or accountants for the party-musicians in this case), provided that disclosure of such information to such representatives is reasonably necessary for this litigation and provided that such representatives have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A):  Joan Hudson, Peter Mensch, Richard Chadwick, Robert Rosenberg, Jeff Jampol, Alan Goldman, and Kitsaun King;

    (d) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    (e) the Court and its personnel;

    (f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

    (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (h) the author of the document or the original source of the information, as well as any addressees or persons who previously received or were shown the information; provided,

however, that a person who previously received or was shown the information, but who is not the author of the document, the original source of the information, or an addressee, may be shown the information under this provision only if such person has definitely previously seen the information.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information, as well as any addressees or persons who previously received or were shown the information; provided, however, that a person who previously received or was shown the information, but who is not the author of the document, the original source of the information, or an addressee, may be shown the information under this provision only if such person has definitely previously seen the information.

7.4 <u>Procedures for Approving Disclosure of "CONFIDENTIAL" And "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>.

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

Gibson, Dunn & Crutcher LLP

10

information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) includes a copy of the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A) signed by the Expert.

(b)  A Party that makes such a request and provides the information specified in the preceding paragraph may disclose Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d)  Even though professional jury and trial consultants retained in connection with this litigation are considered "Experts" for purposes of this Order, the provisions of this paragraph 7.4 shall not apply to such persons.  Such persons may review "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information provided the conditions of paragraphs 7.2(d)(1) & (2) and 7.3(b)(1) & (2) have been satisfied.

Gibson, Dunn & Crutcher LLP

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OR PRIVILEGED MATERIAL**

See Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 331-332 (N.D. Cal. 1985)  PVT

~~Nothing in this Stipulated Protective Order shall require production of information that is protected from disclosure by the attorney-client privilege or attorney work product doctrine. If information subject to a claim of attorney-client privilege or work product immunity is nonetheless inadvertently produced by a Party or non-party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Producing Party has inadvertently produced information subject to a claim of privilege or immunity, the Receiving Party shall promptly return the information for which a claim of inadvertent production is made. The Receiving Party may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.~~  PVT

### 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

Gibson, Dunn &
Crutcher LLP

category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. **MISCELLANEOUS**

13.1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May 23, 2007                                        GIBSON, DUNN & CRUTCHER LLP

By   /s/ Jeffrey H. Reeves_____
Jeffrey H. Reeves, SBN 156648
4 Park Plaza, Suite 1400
Irvine, CA 92614-8557
Tel: 714-451-3800

and

S. Ashlie Beringer
Joshua A. Jessen
Laura M. Sturges
1801 California Street, Suite 4200
Denver, CO  80202
Telephone:  303-298-5718

|   |   |
|---|---|
|   | Attorneys for Plaintiffs |
| DATED:  May 22, 2007 | WINSTON & STRAWN LLP |

By   /s/ Michael S. Elkin
      Andrew P. Bridges, SBN 122761
      Jennifer A. Golinveaux, SBN 203056
      101 California Street
      San Francisco, CA 94111
      Tel: 415-591-1506

and

Michael S. Elkin (admitted *pro hac vice*)
Thomas P. Lane (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Tel: 212-294-6700

Attorneys for Defendants

In accordance with Civil Local Rule 5-4 and General Order No. 45(X)(B), I, Joshua A. Jessen, attest under penalty of perjury under the laws of the United States of America that I have the concurrence of all signatories to this document.

        /s/ Joshua A. Jessen
        Joshua A. Jessen

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2007     _____
                                         Honorable James Ware
                                         United States District Judge

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1 | |
| 2 | Attorneys for Plaintiffs |
| 3 | DATED: May __, 2007 |
| | WINSTON & STRAWN LLP |
| 4 | By _____ |
| | Andrew P. Bridges, SBN 122761 |
| 5 | Jennifer A. Golinveaux, SBN 203056 |
| | 101 California Street |
| 6 | San Francisco, CA 94111 |
| 7 | Tel: 415-591-1506 |
| 8 | and |
| 9 | Michael S. Elkin (admitted *pro hac vice*) |
| | Thomas P. Lane (admitted *pro hac vice*) |
| 10 | 200 Park Avenue |
| 11 | New York, NY 10166 |
| | Tel: 212-294-6700 |
| 12 | |
| 13 | Attorneys for Defendants |
| 14 | PURSUANT TO STIPULATION, IT IS SO ORDERED. |
| 15 | DATED: June 7, _____, 2007 |
| 16 | _____ |
| | PATRICIA V. TRUMBULL |
| | UNITED STATES MAGISTRATE JUDGE |

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Grateful Dead Productions, et al. v. Sagan, et al.*, Case No. 06-07727 (JW)(PVT).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                 [printed name]

Signature: _____
             [signature]

100186225_10.DOC

Gibson, Dunn &
Crutcher LLP