UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRATEFUL DEAD PRODUCTIONS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM E. SAGAN, et al., <br><br> Defendants. | Case No.: C 06-7727 (JW) PVT <br><br> **ORDER DENYING REQUEST TO SHORTEN TIME FOR PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

On July 16, 2007, Plaintiffs and Counterclaim Defendants (hereinafter "Plaintiffs") filed a motion for protective order regarding the depositions of Edgar Bronfman, Jr. and Lyor Cohen, along with a stipulated request to shorten time so as to have the motion heard by the court on July 31, 2007.[1] The request did not include any proposed briefing schedule for the opposition and reply briefs. Based on the request, the moving papers, and the file herein,

IT IS HEREBY ORDERED that the stipulated request to shorten time is DENIED both because no good cause has been shown for shortening time, and because the motion for protection appears to lack merit in any event.

Defendants and Counterclaim Plaintiffs (hereinafter "Defendants") served Plaintiffs with

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

notices for the depositions of Bronfman and Cohen on May 29, 2007, scheduling the depositions for July 26 and 27, 2007. (The parties have subsequently agreed to move the depositions to August 9 and 10, 2007.) Thus, Plaintiffs had almost two full month's notice of the depositions. On May 31, 2007, Plaintiffs informed Defendants they objected to these depositions of corporate officers, and that they would bring a motion for a protective order "within the next few days" if Defendants did not immediately withdraw the deposition notices. However, Plaintiffs did not timely file any such motion for protection. And Plaintiffs have not shown good cause for failing to do so. The only rationale submitted–that they did not think it necessary in light of Defendants' motion to compel–does not constitute good cause to shorten time. In order to be heard before the scheduled deposition dates of July 26 and 27, 2007, a regularly noticed motion for protective order would have had to be filed no later than June 19, 2007. Defendants filed their motion to compel on July 3, 2007. A motion that was not filed until July 3, 2007 is not "good cause" for Plaintiffs failure to file a motion that should have been filed by June 19, 2007.[2] Plaintiffs had three weeks to meet and confer, and, failing a resolution, to file their motion. They simply failed to do so.[3]

In any event, it appears Plaintiffs' motion for protective order is without merit because Defendants have not shown any undue burden associated with Plaintiffs deposing Bronfman and Cohen. "A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that others did not). Here, although Bronfman

---

[2] The fact that the motion will not otherwise be heard until after the depositions is not good cause to shorten time where a party fails to show good cause for failing to file the motion sufficiently in advance of the depositions to allow for the amount of notice required by Civil Local Rule 7-2(a).

[3] It appears that the parties had been discussing these depositions, along with some others that Defendants wished to take, for over a month before Defendants actually served any deposition notices. It further appears that Defendants served the deposition notices for unilaterally selected dates because Plaintiffs had refused to even discuss dates for any of the depositions until Defendants responded to certain discovery requests from Plaintiffs. Against this backdrop of stonewalling and "tit for tat" tactics, Plaintiffs' failure to timely complete their meet and confer and file a motion for protection is particularly troubling. There is no priority in propounding discovery, and the fact that one party has not responded to discovery does not entitle an opposing party to refuse to provide discovery. Plaintiffs remedy for any failure of Defendants to provide discovery was a motion to compel, not an improper attempt to delay Defendants' discovery efforts.

ORDER, *page 2*

1  and Cohen submit declarations that make conclusory assertions about having "busy" schedules, they
2  state no *specific facts* from which the court could conclude that it will be unduly burdensome for
3  them to appear for their depositions on the currently scheduled dates.[4]  Absent at least *some* actual
4  showing of undue burden, there is no legal authority for requiring Defendants to use purportedly less
5  burdensome means of obtaining the discovery before allowing "apex" depositions.  *See*
6  FED.R.CIV.PRO. 26(c) (authorizing protection from *undue* burden "for good cause shown").  Further,
7  protection from "apex" depositions is not appropriate where, as here, there is a factual dispute as to
8  whether the deponent has first-hand knowledge of relevant facts.[5]

9  Because there has been no showing that there was "good cause" for Plaintiffs' delay in filing
10 their motion for protective order, an order shortening time is not warranted, particularly in light of
11 the fact the motion appears to have no merit in any event.  Under all of the circumstances, the court
12 is not willing to compress into the next few days full briefing and consideration of a motion that
13 should have been–and easily could have been–filed over a month ago.

Dated: *7/25/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] Bronfman and Cohen fail to explain how appearing for deposition on the specific dates scheduled would interfere with their ability to fulfill their work obligations.  This is particularly true given the fact that, if they have as little relevant knowledge as they claim they have, the depositions will likely be quite short.

[5] Because of the potential for abuse, courts do sometimes protect high-level corporate officers from depositions when the officer has no first-hand knowledge of relevant facts or where the testimony would be repetitive.  *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979).  However, where a corporate officer may have *any* first hand knowledge of relevant facts, the deposition should be allowed.  *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably had some knowledge" regarding substance of the plaintiffs' claims).  Further, a claimed lack of knowledge or recollection does not provide sufficient grounds for a protective order, since the opposing party is entitled to test that lack of knowledge or recollection.  *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143 (D. Mass. 1987).