# EXHIBIT 1

**Plaintiffs' Request for Production No. 2:**

Any and all documents concerning any communication between any of the Plaintiffs and/or Musical Artists or their representatives, on the one hand, and any of the Defendants, on the other.

**Defendants' Response to Request for Production No. 2:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 3:**

Any and all documents concerning Defendants' acquisition of any and all assets from SFX and/or Clear Channel Entertainment ("Clear Channel"), including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations, appraisals, and licensing.

**Defendants' Response to Request for Production No. 3:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

Gibson, Dunn &
Crutcher LLP

1

Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 4:**

Any and all documents concerning Defendants' acquisition of any and all assets from Artrock Assets, including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations appraisals, and licensing.

**Defendants' Response to Request for Production No. 4:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Gibson, Dunn &
Crutcher LLP

2

1    Defendants will produce relevant, non-privileged documents that are responsive to this

2    Request, to the extent such documents are found within its possession, custody, or control after a

3    reasonable and diligent search, and to the extent such documents have not already been produced to

4    Plaintiffs.

5    **Plaintiffs' Request for Production No. 5:**

6    Any and all documents concerning Defendants' acquisition of any and all assets from Peace

7    Rock, including without limitation contracts, purchase agreements, drafts, communications,

8    disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations,

9    diligence, valuations, appraisals, and licensing.

10    **Defendants' Response to Request for Production No. 5:**

11    Defendants object to this Request on the grounds that it is overly broad, burdensome,

12    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

13    information protected from disclosure by the attorney-client privilege and/or the attorney work

14    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

15    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

16    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

17    Request to the extent that it seeks information protected from disclosure by the constitutional right to

18    privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

19    further object to this Request to the extent that it seeks confidential business, trade secret, and/or

20    financial information.  Subject to and without waiving these or the foregoing General Objections, and

21    subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

22    Defendants will produce relevant, non-privileged documents that are responsive to this

23    Request, to the extent such documents are found within its possession, custody, or control after a

24    reasonable and diligent search, and to the extent such documents have not already been produced to

25    Plaintiffs.

26    **Plaintiffs' Request for Production No. 6:**

27    Any and all documents concerning Defendants' acquisition of any and all assets from

28    Legends Concert Posters, including without limitation contracts, purchase agreements, drafts,

1    communications, disclosures, prospectuses, inventories, assignments, intellectual property rights,

2    negotiations, diligence, valuations, appraisals, and licensing.

3                **Defendants' Response to Request for Production No. 6:**

4          Defendants object to this Request on the grounds that it is overly broad, burdensome,

5    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

6    information protected from disclosure by the attorney-client privilege and/or the attorney work

7    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

8    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

9    Request to the extent that it seeks information protected from disclosure by the constitutional right to

10   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

11   further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants

12   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

13   financial information.  Subject to and without waiving these or the foregoing General Objections, and

14   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

15              **Defendants' Supplemental Response to Request for Production No. 6:**

16         Defendants object to this Request on the grounds that it is overly broad, burdensome,

17   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18   information protected from disclosure by the attorney-client privilege and/or the attorney work

19   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

20   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

21   Request to the extent that it seeks information protected from disclosure by the constitutional right to

22   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

23   further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants

24   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

25   financial information.  Subject to and without waiving these or the foregoing General Objections, and

26   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

27         Defendants will produce relevant, non-privileged documents that are responsive to this

28   Request, to the extent such documents are found within its possession, custody, or control after a

Gibson, Dunn &
Crutcher LLP

4

1   reasonable and diligent search, and to the extent such documents have not already been produced to

2   Plaintiffs.

3          **Plaintiffs' Request for Production No. 7:**

4          Any and all documents concerning Defendants' acquisition of any and all assets from

5   Psychedelic Solution, including without limitation contracts, purchase agreements, drafts,

6   communications, disclosures, prospectuses, inventories, assignments, intellectual property rights,

7   negotiations, diligence, valuations, appraisals, and licensing.

8          **Defendants' Response to Request for Production No. 7:**

9          Defendants object to this Request on the grounds that it is overly broad, burdensome,

10  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

11  information protected from disclosure by the attorney-client privilege and/or the attorney work

12  product doctrine. Defendants further object to this Request to the extent that it seeks information not

13  relevant to the claims or defenses of any party to the pending action. Defendants further object to this

14  Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

15  Request to the extent that it seeks information protected from disclosure by the constitutional right to

16  privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants

17  further object to this Request to the extent that it seeks confidential business, trade secret, and/or

18  financial information. Subject to and without waiving these or the foregoing General Objections, and

19  subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

20         Defendants will produce relevant, non-privileged documents that are responsive to this

21  Request, to the extent such documents are found within its possession, custody, or control after a

22  reasonable and diligent search, and to the extent such documents have not already been produced to

23  Plaintiffs.

24         **Plaintiffs' Request for Production No. 8:**

25         Any and all documents concerning Defendants' acquisition of any and all assets from Classic

26  Posters, including without limitation contracts, purchase agreements, drafts, communications,

27  disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations,

28  diligence, valuations, appraisals, and licensing.

Gibson, Dunn &
Crutcher LLP

**Defendants' Response to Request for Production No. 8:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 9:**

Any and all documents concerning Defendants' acquisition of any and all assets from Tom Moffatt Productions, including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations, appraisals, and licensing.

**Defendants' Response to Request for Production No. 9:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

Gibson, Dunn &
Crutcher LLP

1    Request to the extent that it seeks information protected from disclosure by the constitutional right to

2    privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

3    further object to this Request to the extent that it seeks confidential business, trade secret, and/or

4    financial information.  Subject to and without waiving these or the foregoing General Objections, and

5    subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

6            Defendants will produce relevant, non-privileged documents that are responsive to this

7    Request, to the extent such documents are found within its possession, custody, or control after a

8    reasonable and diligent search, and to the extent such documents have not already been produced to

9    Plaintiffs.

10            **Plaintiffs' Request for Production No. 10:**

11            Any and all documents concerning Defendants' acquisition of any and all assets from King

12   Biscuit Flower Hour, including without limitation contracts, purchase agreements, drafts,

13   communications, disclosures, prospectuses, inventories, assignments, intellectual property rights,

14   negotiations, diligence, valuations, appraisals, and licensing.

15            **Defendants' Response to Request for Production No. 10:**

16            Defendants object to this Request on the grounds that it is overly broad, burdensome,

17   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18   information protected from disclosure by the attorney-client privilege and/or the attorney work

19   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

20   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

21   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

22   Request to the extent that it seeks information protected from disclosure by the constitutional right to

23   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

24   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

25   financial information.  Subject to and without waiving these or the foregoing General Objections, and

26   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

27            Defendants will produce relevant, non-privileged documents that are responsive to this

28   Request, to the extent such documents are found within its possession, custody, or control after a

Gibson, Dunn &
Crutcher LLP

1    reasonable and diligent search, and to the extent such documents have not already been produced to

2    Plaintiffs.

3        **Plaintiffs' Request for Production No. 11:**

4        Any and all documents concerning Defendants' acquisition of any and all assets from Silver

5    Eagle Cross Country, including without limitation contracts, purchase agreements, drafts,

6    communications, disclosures, prospectuses, inventories, assignments, intellectual property rights,

7    negotiations, diligence, valuations, appraisals, and licensing.

8        **Defendants' Response to Request for Production No. 11:**

9        Defendants object to this Request on the grounds that it is overly broad, burdensome,

10   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

11   information protected from disclosure by the attorney-client privilege and/or the attorney work

12   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

13   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

14   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

15   Request to the extent that it seeks information protected from disclosure by the constitutional right to

16   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

17   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

18   financial information.  Subject to and without waiving these or the foregoing General Objections, and

19   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

20       Defendants will produce relevant, non-privileged documents that are responsive to this

21   Request, to the extent such documents are found within its possession, custody, or control after a

22   reasonable and diligent search, and to the extent such documents have not already been produced to

23   Plaintiffs.

24       **Plaintiffs' Request for Production No. 12:**

25       Any and all documents concerning Defendants' acquisition of any and all assets from Gene

26   Anthony and/or created by Gene Anthony, including without limitation contracts, purchase

27   agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual

28   property rights, negotiations, diligence, valuations, appraisals, and licensing.

**Defendants' Response to Request for Production No. 12:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 13:**

Any and all documents concerning Defendants' acquisition of any and all assets from Jim Marshall and/or created by Jim Marshall, including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations, appraisals, and licensing.

**Defendants' Response to Request for Production No. 13:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

1   Request to the extent that it seeks information protected from disclosure by the constitutional right to

2   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

3   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

4   financial information.  Subject to and without waiving these or the foregoing General Objections, and

5   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

6       Defendants will produce relevant, non-privileged documents that are responsive to this

7   Request, to the extent such documents are found within its possession, custody, or control after a

8   reasonable and diligent search, and to the extent such documents have not already been produced to

9   Plaintiffs.

10       **Plaintiffs' Request for Production No. 14:**

11       Any and all documents concerning Defendants' acquisition of any and all assets from Joseph

12   Sia and/or created by Joseph Sia, including without limitation contracts, purchase agreements, drafts,

13   communications, disclosures, prospectuses, inventories, assignments, intellectual property rights,

14   negotiations, diligence, valuations, appraisals, and licensing.

15       **Defendants' Response to Request for Production No. 14:**

16       Defendants object to this Request on the grounds that it is overly broad, burdensome,

17   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18   information protected from disclosure by the attorney-client privilege and/or the attorney work

19   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

20   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

21   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

22   Request to the extent that it seeks information protected from disclosure by the constitutional right to

23   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

24   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

25   financial information.  Subject to and without waiving these or the foregoing General Objections, and

26   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

27       Defendants will produce relevant, non-privileged documents that are responsive to this

28   Request, to the extent such documents are found within its possession, custody, or control after a

Gibson, Dunn &
Crutcher LLP

10

reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 15:**

Any and all documents concerning Defendants' acquisition of any and all assets from Michael Zagaris and/or created by Michael Zagaris, including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations, appraisals, and licensing.

**Defendants' Response to Request for Production No. 15:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 16:**

Any and all documents concerning Defendants' acquisition of any and all assets from Baron Wolman and/or created by Baron Wolman, including without limitation contracts, purchase agreements, drafts, communications, disclosures, prospectuses, inventories, assignments, intellectual property rights, negotiations, diligence, valuations, appraisals, and licensing.

Gibson, Dunn &
Crutcher LLP

11

**Defendants' Response to Request for Production No. 16:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 17:**

Any and all documents concerning any inventory or catalogue of the Acquired Materials, including without limitation documents identifying each of the Acquired Materials, the source of the Acquired Materials, the date on which the Acquired Materials were originally created, the quantity of Acquired Materials when they were acquired, and/or the characteristics or specifications of the Acquired Materials, including without limitation the document(s) detailing the inventory of Acquired Materials acquired from SFX and/or Clear Channel that was disclosed and transferred to Defendants in connection with such acquisition.

**Defendants' Response to Request for Production No. 17:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work

1  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

2  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

3  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

4  Request to the extent that it seeks information protected from disclosure by the constitutional right to

5  privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

6  further object to this Request to the extent that it seeks information at least equally available to

7  Plaintiffs, as much of the information sought with this Request can be obtained by accessing

8  www.wolfgangsvault.com.

9  **Defendants' Supplemental Response to Request for Production No. 17:**

10  Defendants object to this Request on the grounds that it is overly broad, burdensome,

11  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

12  information protected from disclosure by the attorney-client privilege and/or the attorney work

13  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

14  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

15  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

16  Request to the extent that it seeks information protected from disclosure by the constitutional right to

17  privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

18  further object to this Request to the extent that it seeks information at least equally available to

19  Plaintiffs, as much of the information sought with this Request can be obtained by accessing

20  www.wolfgangsvault.com.  Subject to and without waiving these or the foregoing General

21  Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

22  Defendants will produce relevant, non-privileged documents that are responsive to this

23  Request, to the extent such documents are found within its possession, custody, or control after a

24  reasonable and diligent search, and to the extent such documents have not already been produced to

25  Plaintiffs.

26  **Plaintiffs' Request for Production No. 18:**

27  Any and all documents concerning any agreements between Graham, on the one hand, and/or

28  any of the Plaintiffs and/or Musical Artists or their representatives or Record Companies, on the other

1  hand, including without limitation venue contracts and riders, releases, licensing agreements,

2  settlement agreements, drafts, royalty statements, negotiations and communications.

3  **Defendants' Response to Request for Production No. 18:**

4  Defendants object to this Request on the grounds that it is overly broad, burdensome,

5  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

6  information protected from disclosure by the attorney-client privilege and/or the attorney work

7  product doctrine. Defendants further object to this Request to the extent that it seeks information not

8  relevant to the claims or defenses of any party to the pending action. Defendants further object to this

9  Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

10  Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants

11  further object to this Request to the extent that it seeks information protected from disclosure by the

12  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

13  parties. Subject to and without waiving these or the foregoing General Objections, and subject to the

14  entry of a Stipulated Protective Order, Defendants respond as follows:

15  Defendants will produce relevant, non-privileged documents that are responsive to this

16  Request, to the extent such documents are found within its possession, custody, or control after a

17  reasonable and diligent search, and to the extent such documents have not already been produced to

18  Plaintiffs.

19  **Plaintiffs' Request for Production No. 19:**

20  Any and all documents concerning any agreements between any Seller, on the one hand,

21  and/or any of the Plaintiffs and/or Musical Artists or their representatives or Record Companies, on

22  the other hand, including without limitation venue contracts and riders, releases, licensing

23  agreements, settlement agreements, drafts, royalty statements, negotiations and communications.

24  **Defendants' Response to Request for Production No. 19:**

25  Defendants object to this Request on the grounds that it is overly broad, burdensome,

26  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

27  information protected from disclosure by the attorney-client privilege and/or the attorney work

28  product doctrine. Defendants further object to this Request to the extent that it seeks information not

relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

### Defendants' Supplemental Response to Request for Production No. 19:

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

### Plaintiffs' Request for Production No. 20:

Any and all communications between Graham and the Plaintiffs and/or Musical Artists or between Graham and any third party concerning the Plaintiffs and/or Musical Artists.

**Defendants' Response to Request for Production No. 20:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 20:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

Gibson, Dunn &
Crutcher LLP

**Plaintiffs' Request for Production No. 21:**

Any and all communications between any Seller and the Plaintiffs and/or Musical Artists or between any Seller and any third party concerning the Plaintiffs and/or Musical Artists.

**Defendants' Response to Request for Production No. 21:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 21:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a

Gibson, Dunn &
Crutcher LLP

17

1    reasonable and diligent search, and to the extent such documents have not already been produced to

2    Plaintiffs.

3           **Plaintiffs' Request for Production No. 22:**

4           Any and all documents concerning the reproduction of Plaintiffs' Intellectual Property in

5    connection with the sale, manufacture, promotion or advertising of products, goods or services by

6    Defendants and/or on the Website.

7           **Defendants' Response to Request for Production No. 22:**

8           Defendants object to this Request on the grounds that it is overly broad, burdensome,

9    harassing and oppressive.  Defendants further object to this Request to the extent that it is vague and

10   misleading with respect to the phrase "Plaintiffs' Intellectual Property," as it is unclear which

11   "federal and state common law copyrights and/or other rights in the Sound Recordings and/or Audio

12   Recordings" it is referring to; it assumes facts not in evidence; is argumentative; and it calls for legal

13   conclusions about Plaintiffs' purported rights, when in fact Defendants are acting and have always

14   acted lawfully.  Defendants further object to this Request to the extent that it seeks information

15   protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

16   Defendants further object to this Request to the extent that it seeks information not relevant to the

17   claims or defenses of any party to the pending action.  Defendants further object to this Request to the

18   extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the

19   extent that it seeks information at least equally available to Plaintiffs, as much of the information

20   sought with this Request can be obtained by accessing www.wolfgangsvault.com.  Defendants further

21   object to this Request to the extent that it seeks information protected from disclosure by the

22   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

23   parties.  Defendants further object to this Request to the extent that it seeks confidential business,

24   trade secret, and/or financial information.

25          **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

26   **Production No. 22:**

27          At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

28   non-privileged documents responsive to this request.  *See* 7/10/07 Transcript at 26-28.

Gibson, Dunn &
Crutcher LLP

18

1   **Plaintiffs' Request for Production No. 23:**

2        Any and all documents concerning any rights owned or acquired by Graham and/or any Seller

3   in connection with the Poster Art, including without limitation contracts, licenses, assignments,

4   communications, copyright registrations, royalty statements, releases, consents, analyses, legal

5   opinions or permissions.

6        **Defendants' Response to Request for Production No. 23:**

7        Defendants object to this Request on the grounds that it is overly broad, burdensome,

8   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

9   information protected from disclosure by the attorney-client privilege and/or the attorney work

10  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

11  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

12  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

13  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

14  further object to this Request to the extent that it seeks information protected from disclosure by the

15  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

16  parties.  Defendants further object to this Request to the extent that it seeks confidential business,

17  trade secret, and/or financial information.  Subject to and without waiving these or the foregoing

18  General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as

19  follows:

20       Defendants will produce relevant, non-privileged documents that are responsive to this

21  Request, to the extent such documents are found within its possession, custody, or control after a

22  reasonable and diligent search, and to the extent such documents have not already been produced to

23  Plaintiffs.

24       **Plaintiffs' Request for Production No. 24:**

25       Any and all documents concerning any rights owned or acquired by Graham and/or any Seller

26  in connection with the Photographs, including without limitation contracts, licenses, assignments,

27  communications, copyright registrations, royalty statements, releases, consents, analyses, legal

28  opinions or permissions.

Gibson, Dunn &
Crutcher LLP

**Defendants' Response to Request for Production No. 24:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 25:**

Any and all documents concerning any rights owned or acquired by Graham and/or any Seller in connection with the Apparel, including without limitation contracts, licenses, assignments, copyright registrations, royalty statements, releases, consents, analyses, legal opinions or permissions.

**Defendants' Response to Request for Production No. 25:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

1    Request to the extent that it seeks information protected from disclosure by the constitutional right to

2    privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

3    further object to this Request to the extent that it seeks confidential business, trade secret, and/or

4    financial information.  Subject to and without waiving these or the foregoing General Objections, and

5    subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

6         Defendants will produce relevant, non-privileged documents that are responsive to this

7    Request, to the extent such documents are found within its possession, custody, or control after a

8    reasonable and diligent search, and to the extent such documents have not already been produced to

9    Plaintiffs.

10        **Plaintiffs' Request for Production No. 26:**

11        Any and all documents concerning any rights owned or acquired by Graham and/or any Seller

12   in connection with the Swag, including without limitation contracts, licenses, assignments,

13   communications, copyright registrations, royalty statements, releases, consents, analyses, legal

14   opinions or permissions.

15        **Defendants' Response to Request for Production No. 26:**

16        Defendants object to this Request on the grounds that it is overly broad, burdensome,

17   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18   information protected from disclosure by the attorney-client privilege and/or the attorney work

19   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

20   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

21   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

22   Request to the extent that it seeks information protected from disclosure by the constitutional right to

23   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

24   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

25   financial information.  Subject to and without waiving these or the foregoing General Objections, and

26   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

27        Defendants will produce relevant, non-privileged documents that are responsive to this

28   Request, to the extent such documents are found within its possession, custody, or control after a

Gibson, Dunn &
Crutcher LLP

21

1  reasonable and diligent search, and to the extent such documents have not already been produced to

2  Plaintiffs.

3  **Plaintiffs' Request for Production No. 27:**

4  Any and all documents concerning any rights owned or acquired by Graham and/or any Seller

5  in connection with the Sound Recordings and/or Audiovisual Recordings, including without

6  limitation contracts, licenses, assignments, communications, copyright registrations, royalty

7  statements, releases, consents, analyses, legal opinions or permissions.

8  **Defendants' Response to Request for Production No. 27:**

9  Defendants object to this Request on the grounds that it is overly broad, burdensome,

10 harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

11 information protected from disclosure by the attorney-client privilege and/or the attorney work

12 product doctrine.  Defendants further object to this Request to the extent that it seeks information not

13 relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

14 Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

15 Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

16 further object to this Request to the extent that it calls for expert testimony and/or legal conclusions.

17 Defendants further object to this Request to the extent that it seeks information protected from

18 disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees

19 and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential

20 business, trade secret, and/or financial information.  Subject to and without waiving these or the

21 foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants

22 respond as follows:

23 Defendants will produce relevant, non-privileged documents that are responsive to this

24 Request, to the extent such documents are found within its possession, custody, or control after a

25 reasonable and diligent search, and to the extent such documents have not already been produced to

26 Plaintiffs.

27

28

**Plaintiffs' Request for Production No. 28:**

Any and all agreements, drafts, licenses, releases, negotiations, settlements, royalty statements, assignments, consents and/or communications between Graham or any Seller, on the one hand, and any Musical Artist, on the other hand.

**Defendants' Response to Request for Production No. 28:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Supplemental Response to Request for Production No. 28:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing

1   General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as

2   follows:

3           Defendants will produce relevant, non-privileged documents that are responsive to this

4   Request, to the extent such documents are found within its possession, custody, or control after a

5   reasonable and diligent search, and to the extent such documents have not already been produced to

6   Plaintiffs.

7           **Plaintiffs' Request for Production No. 29:**

8           Any and all agreements, drafts, licenses, releases, negotiations, settlements, royalty

9   statements, assignments, consents and/or communications between Graham or any Seller, on the one

10  hand, and any Graphic Artist, on the other hand.

11          **Defendants' Response to Request for Production No. 29:**

12          Defendants object to this Request on the grounds that it is overly broad, burdensome,

13  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

14  information protected from disclosure by the attorney-client privilege and/or the attorney work

15  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

16  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

17  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

18  Request to the extent that it seeks information protected from disclosure by the constitutional right to

19  privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

20  further object to this Request to the extent that it seeks confidential business, trade secret, and/or

21  financial information.

22          **Defendants' Supplemental Response to Request for Production No. 29:**

23          Defendants object to this Request on the grounds that it is overly broad, burdensome,

24  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

25  information protected from disclosure by the attorney-client privilege and/or the attorney work

26  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

27  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

28  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

1   Request to the extent that it seeks information protected from disclosure by the constitutional right to

2   privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

3   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

4   financial information.  Subject to and without waiving these or the foregoing General Objections, and

5   subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

6        Defendants will produce relevant, non-privileged documents that are responsive to this

7   Request, to the extent such documents are found within its possession, custody, or control after a

8   reasonable and diligent search, and to the extent such documents have not already been produced to

9   Plaintiffs.

10  **Plaintiffs' Request for Production No. 30:**

11       Any and all venue agreements and riders concerning concert performances by any of the

12  Musical Artists.

13  **Defendants' Response to Request for Production No. 30:**

14       Defendants object to this Request on the grounds that it is overly broad, burdensome,

15  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

16  information protected from disclosure by the attorney-client privilege and/or the attorney work

17  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

18  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

19  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

20  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

21  further object to this Request to the extent that it seeks information protected from disclosure by the

22  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

23  parties.

24  **Defendants' Supplemental Response to Request for Production No. 30:**

25       Defendants object to this Request on the grounds that it is overly broad, burdensome,

26  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

27  information protected from disclosure by the attorney-client privilege and/or the attorney work

28  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 31:**

Any and all documents concerning payments made by Graham or any Seller to the Plaintiffs and/or Musical Artists in connection with any of the Acquired Materials.

**Defendants' Response to Request for Production No. 31:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Supplemental Response to Request for Production No. 31:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 32:**

Any and all documents concerning the sale and/or transfer of any assets of Bill Graham Presents, including certain of the Acquired Materials, from the estate of Bill Graham to Bill Graham Presents (or its partners), from Bill Graham Presents to SFX, and from SFX to Clear Channel.

**Defendants' Response to Request for Production No. 32:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

Gibson, Dunn &
Crutcher LLP

Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

### Defendants' Supplemental Response to Request for Production No. 32:

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

### Plaintiffs' Request for Production No. 33:

Any and all documents concerning any consent, license or other permission, or any refusal to grant any consent, license or other permission, from any Musical Artist in connection with the use of Plaintiffs' Intellectual Property on or in products, merchandise or goods that were at any time offered for sale on the Website.

Gibson, Dunn &
Crutcher LLP

**Defendants' Response to Request for Production No. 33:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it is vague and misleading with respect to the phrase "Plaintiffs' Intellectual Property," as it is unclear which "federal and state common law copyrights and/or other rights in the Sound Recordings and/or Audio Recordings" it is referring to; it assumes facts not in evidence; is argumentative; and it calls for legal conclusions about Plaintiffs' purported rights, when in fact Defendants are acting and have always acted lawfully. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 33:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all non-privileged documents responsive to this request. *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 34:**

Any and all documents concerning the creation and manufacture of the Reproductions, including without limitation, the identity of all manufacturers or vendors engaged by Defendants in connection with the Reproductions, the manufacturing specifications for the Reproductions, and the design of the Reproductions.

**Defendants' Response to Request for Production No. 34:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks

1    information protected from disclosure by the attorney-client privilege and/or the attorney work

2    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

3    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

4    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

5    Request to the extent that it seeks information protected from disclosure by the constitutional right to

6    privacy of Defendants, Defendants' past or present employees and/or third parties.

7    <u>**Defendants' Supplemental Response to Request for Production No. 34:**</u>

8        Defendants object to this Request on the grounds that it is overly broad, burdensome,

9    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

10   information protected from disclosure by the attorney-client privilege and/or the attorney work

11   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

12   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

13   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

14   Request to the extent that it seeks information protected from disclosure by the constitutional right to

15   privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

16   without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

17   Protective Order, Defendants respond as follows:

18       Defendants will produce relevant, non-privileged documents that are responsive to this

19   Request, to the extent such documents are found within its possession, custody, or control after a

20   reasonable and diligent search, and to the extent such documents have not already been produced to

21   Plaintiffs.

22   <u>**Plaintiffs' Request for Production No. 35:**</u>

23       Documents sufficient to identify each and every sound recording and/or audiovisual recording

24   contained in the Acquired Materials and/or the Vault which contain the performances of any musical

25   artist or performer.

26   <u>**Defendants' Response to Request for Production No. 35:**</u>

27       Defendants object to this Request on the grounds that it is overly broad, burdensome,

28   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 35:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 36:**

Any and all documents concerning the source of each Sound Recording and Audiovisual Recording, including without limitation the individual(s) who were responsible for fixing the sounds and/or images contained on each recording, the employer of each such individual(s), the compensation paid to each such individual, the manner in which each recording was made, the format of each recording, the purpose for which each recording was made, any assignment(s) or transfer(s)

1  of each recording, the source or Seller from which Defendants acquired each recording, and the date

2  of each recording.

3  **Defendants' Response to Request for Production No. 36:**

4  Defendants object to this Request on the grounds that it is overly broad, burdensome,

5  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

6  information protected from disclosure by the attorney-client privilege and/or the attorney work

7  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

8  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

9  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

10  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

11  further object to this Request to the extent that it seeks information protected from disclosure by the

12  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

13  parties.  Defendants further object to this Request to the extent that it seeks confidential business,

14  trade secret, and/or financial information.

15  **Defendants' Supplemental Response To Request For Production No. 36:**

16  Defendants object to this Request on the grounds that it is overly broad, burdensome,

17  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18  information protected from disclosure by the attorney-client privilege and/or the attorney work

19  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

20  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

21  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

22  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

23  further object to this Request to the extent that it seeks information protected from disclosure by the

24  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

25  parties.  Defendants further object to this Request to the extent that it seeks confidential business,

26  trade secret, and/or financial information.  Subject to and without waiving these or the foregoing

27  General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as

28  follows:

Gibson, Dunn &
Crutcher LLP

1    Defendants will produce relevant, non-privileged documents that are responsive to this

2    Request, to the extent such documents are found within its possession, custody, or control after a

3    reasonable and diligent search, and to the extent such documents have not already been produced to

4    Plaintiffs.

5    **Plaintiffs' Request for Production No. 37:**

6    Any and all documents concerning any consent, license, permission or agreement given or

7    made by the Musical Artists and/or their Record Companies in connection with the creation of the

8    Sound Recordings and Audiovisual Recordings.

9    **Defendants' Response to Request for Production No. 37:**

10    Defendants object to this Request on the grounds that it is overly broad, burdensome,

11    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

12    information protected from disclosure by the attorney-client privilege and/or the attorney work

13    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

14    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

15    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

16    Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

17    further object to this Request to the extent that it seeks information protected from disclosure by the

18    constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

19    parties.

20    **Defendants' Supplemental Response to Request for Production No. 37:**

21    Defendants object to this Request on the grounds that it is overly broad, burdensome,

22    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

23    information protected from disclosure by the attorney-client privilege and/or the attorney work

24    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

25    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

26    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

27    Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

28    further object to this Request to the extent that it seeks information protected from disclosure by the

Gibson, Dunn &
Crutcher LLP

33

constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 38:**

Any and all documents concerning the sound board operators and/or sound engineers at any concert promoted by Graham and/or at which the Sound Recordings and/or Audiovisual Recordings were fixed, including without limitation documents concerning the identity of each such sound board operator and/or engineer, the employer of each such individual, the compensation paid to any such individual, and any employment or related contracts concerning each such individual(s) employment as a sound board operator or sound engineer.

**Defendants' Response to Request for Production No. 38:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Supplemental Response To Request For Production No. 38:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 39:**

Any and all documents concerning the ownership of all copyrights or other rights to the performances of any of the Musical Artists by any record label or record company.

**Defendants' Response to Request for Production No. 39:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

Gibson, Dunn & Crutcher LLP

35

Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

### Defendants' Supplemental Response to Request for Production No. 39:

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

### Plaintiffs' Request for Production No. 40:

Any and all documents concerning the identify of the Author(s) of the Sound Recordings and/or Audiovisual Recordings, including without limitation documents establishing the independent copyrightable or creative contribution(s) of such Author.

### Defendants' Response to Request for Production No. 40:

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work

1    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

2    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

3    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

4    Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

5    further object to this Request on the grounds that it calls for expert testimony and/or legal

6    conclusions.  Defendants further object to this Request to the extent that it seeks information

7    protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or

8    present employees and/or third parties.

9    **Defendants' Supplemental Response to Request for Production No. 40:**

10   Defendants object to this Request on the grounds that it is overly broad, burdensome,

11   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

12   information protected from disclosure by the attorney-client privilege and/or the attorney work

13   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

14   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

15   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

16   Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

17   further object to this Request on the grounds that it calls for expert testimony and/or legal

18   conclusions.  Defendants further object to this Request to the extent that it seeks information

19   protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or

20   present employees and/or third parties.  Subject to and without waiving these or the foregoing

21   General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as

22   follows:

23   Defendants will produce relevant, non-privileged documents that are responsive to this

24   Request, to the extent such documents are found within its possession, custody, or control after a

25   reasonable and diligent search, and to the extent such documents have not already been produced to

26   Plaintiffs.

27   **Plaintiffs' Request for Production No. 41:**

28

Copies of all Sound Recordings and Audiovisual Recordings, including without limitation of any remixed or re-edited versions of the Sound Recordings or Audiovisual Recordings created by or at the request of Defendants.

**Defendants' Response to Request for Production No. 41:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs, as much of the information sought with this Request can be obtained by accessing www.wolfgangsvault.com. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 41:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce copies of all responsive recordings that have been copied, streamed, or licensed.  *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 42:**

Copies of all Acquired Materials or Reproductions featuring or concerning Plaintiffs' Intellectual Property.

**Defendants' Response to Request for Production No. 42:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it is vague and misleading with respect to the phrase "Plaintiffs' Intellectual Property," as it is unclear which "federal and state common law copyrights and/or other rights in the Sound Recordings and/or Audio

1  Recordings" it is referring to; it assumes facts not in evidence; is argumentative; and it calls for legal

2  conclusions about Plaintiffs' purported rights, when in fact Defendants are acting and have always

3  acted lawfully. Defendants further object to this Request to the extent that it seeks information

4  protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

5  Defendants further object to this Request to the extent that it seeks information not relevant to the

6  claims or defenses of any party to the pending action. Defendants further object to this Request to the

7  extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the

8  extent that it is vague as to time. Defendants further object to this Request to the extent that it seeks

9  information at least equally available to Plaintiffs, as much of the information sought with this

10  Request can be obtained by accessing www.wolfgangsvault.com. Defendants further object to this

11  Request to the extent that it seeks information protected from disclosure by the constitutional right to

12  privacy of Defendants, Defendants' past or present employees and/or third parties.

13  **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

14  **Production No. 42:**

15  At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce

16  paper copies of all responsive articles. *See* 7/10/07 Transcript at 26-28.

17  **Plaintiffs' Request for Production No. 43:**

18  Copies of all copyright and/or trademark registrations filed by or assigned to Defendants in

19  connection with the Acquired Materials, Sound Recordings, Audiovisual Recordings or

20  Reproductions.

21  **Defendants' Response to Request for Production No. 43:**

22  Defendants object to this Request on the grounds that it is overly broad, burdensome,

23  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

24  information not relevant to the claims or defenses of any party to the pending action. Defendants

25  further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants

26  further object to this Request to the extent that it seeks information at least equally available to

27  Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected

28  from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present

Gibson, Dunn &
Crutcher LLP

1   employees and/or third parties.  Subject to and without waiving these or the foregoing General

2   Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

3         Defendants will produce relevant, non-privileged documents that are responsive to this

4   Request, to the extent such documents are found within its possession, custody, or control after a

5   reasonable and diligent search, and to the extent such documents have not already been produced to

6   Plaintiffs.

7   **Plaintiffs' Request for Production No. 44:**

8         Any and all documents concerning any copy, remix and/or reedit of any of the Sound

9   Recordings and/or Audiovisual Recordings made by or at the request of Defendants, including

10  without limitation concerning any sound engineers who provided services in connection with any

11  such copying, remixing and/or reediting and the identity of all Sound Recordings and/or Audiovisual

12  Recordings that were copied, remixed and/or reedited.

13  **Defendants' Response to Request for Production No. 44:**

14        Defendants object to this Request on the grounds that it is overly broad, burdensome,

15  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

16  information not relevant to the claims or defenses of any party to the pending action.  Defendants

17  further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants

18  further object to this Request to the extent that it seeks information protected from disclosure by the

19  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

20  parties.

21  **Defendants' Supplemental Response to Request for Production No. 44:**

22        Defendants object to this Request on the grounds that it is overly broad, burdensome,

23  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

24  information not relevant to the claims or defenses of any party to the pending action.  Defendants

25  further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants

26  further object to this Request to the extent that it seeks information protected from disclosure by the

27  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

28

Gibson, Dunn &
Crutcher LLP

1  parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the

2  entry of a Stipulated Protective Order, Defendants respond as follows:

3  Defendants will produce relevant, non-privileged documents that are responsive to this

4  Request, to the extent such documents are found within its possession, custody, or control after a

5  reasonable and diligent search, and to the extent such documents have not already been produced to

6  Plaintiffs.

7  **Plaintiffs' Request for Production No. 45:**

8  Any and all documents concerning releases, agreements, consents, assignments and/or

9  licenses from the Musical Artists or Photographers in connection with the Photographs.

10  **Defendants' Response to Request for Production No. 45:**

11  Defendants object to this Request on the grounds that it is overly broad, burdensome,

12  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

13  information protected from disclosure by the attorney-client privilege and/or the attorney work

14  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

15  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

16  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

17  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

18  further object to this Request to the extent that it seeks information protected from disclosure by the

19  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

20  parties.

21  **Defendants' Supplemental Response to Request for Production No. 45:**

22  Defendants object to this Request on the grounds that it is overly broad, burdensome,

23  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

24  information protected from disclosure by the attorney-client privilege and/or the attorney work

25  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

26  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

27  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

28  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 46:**

Any and all documents concerning any American Federation of Musicians collective bargaining agreement and/or riders concerning or applicable to concerts promoted by Graham.

**Defendants' Response to Request for Production No. 46:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 46:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to

privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this

Request, to the extent such documents are found within its possession, custody, or control after a

reasonable and diligent search, and to the extent such documents have not already been produced to

Plaintiffs.

**Plaintiffs' Request for Production No. 47:**

Any and all documents concerning any public performance royalties allegedly paid by

Defendants in connection with the transmission of the Sound Recordings and/or Audiovisual

Recordings on the Website, including without limitation copies of any public performance licenses,

payments to any performing rights society, communications with any performing rights society and

any analyses or opinions concerning Defendants' qualification (or lack thereof) for any compulsory

public performance license.

**Defendants' Response to Request for Production No. 47:**

Defendants object to this Request on the grounds that it is overly broad, burdensome,

harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege and/or the attorney work

product doctrine.  Defendants further object to this Request to the extent that it seeks information not

relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

further object to this Request to the extent that it seeks information protected from disclosure by the

constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

parties.  Defendants further object to this Request to the extent that it seeks confidential business,

trade secret, and/or financial information.

**Defendants' Supplemental Response to Request for Production No. 47:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 48:**

Any and all communications, demands, complaints, cease and desist letters, correspondence, settlement agreements, pleadings, negotiations or other documents concerning any alleged infringement, breach or violation by Defendants of any rights held by any other party in connection with the sale, reproduction or Digital Audio Transmission of any of the Acquired Materials.

**Defendants' Response to Request for Production No. 48:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not

Gibson, Dunn &
Crutcher LLP

1    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

2    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

3    Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

4    further object to this Request to the extent that it seeks information protected from disclosure by the

5    constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

6    parties.  Defendants further object to this Request to the extent that it seeks confidential business,

7    trade secret, and/or financial information.

8        **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

9    **Production No. 48:**

10       At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

11   non-privileged documents responsive to this request, except to the extent the documents relate solely

12   to the copyrights in the artwork or photographs.  *See* 7/10/07 Transcript at 26-28.

13           **Plaintiffs' Request for Production No. 49:**

14       Any and all communications, demands, complaints, cease and desist letters, correspondence,

15   settlement agreements, pleadings, negotiations or other documents concerning any alleged

16   infringement, breach or violation by any third party of any rights allegedly owned or controlled by

17   Defendants in and to the Acquired Materials.

18           **Defendants' Response to Request for Production No. 49:**

19       Defendants object to this Request on the grounds that it is overly broad, burdensome,

20   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

21   information protected from disclosure by the attorney-client privilege and/or the attorney work

22   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

23   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

24   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

25   Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

26   further object to this Request to the extent that it seeks information protected from disclosure by the

27   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

28

Gibson, Dunn &
Crutcher LLP

45

1    parties.  Defendants further object to this Request to the extent that it seeks confidential business,

2    trade secret, and/or financial information.

3        **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

4    **Production No. 49:**

5        At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

6    non-privileged documents responsive to this request, except to the extent the documents relate solely

7    to the copyrights in the artwork or photographs.  *See* 7/10/07 Transcript at 26-28.

8        **Plaintiffs' Request for Production No. 50:**

9        Any and all documents concerning the litigation in the Southern District of New York

10   captioned *Bill Graham Archives v.  Dorling Kindersley Limited*, including without limitation all

11   briefs, filings, exhibits, document productions, settlement negotiations, and pre-litigation negotiations

12   between the parties concerning a potential license agreement.

13       **Defendants' Response to Request for Production No. 50:**

14       Defendants object to this Request on the grounds that it is overly broad, burdensome,

15   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

16   information protected from disclosure by the attorney-client privilege and/or the attorney work

17   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

18   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

19   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

20   Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

21   further object to this Request to the extent that it seeks information protected from disclosure by the

22   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

23   parties.  Defendants further object to this Request to the extent that it seeks confidential business,

24   trade secret, and/or financial information.

25       **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

26   **Production No. 50:**

27       At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

28   non-privileged documents responsive to this request.  *See* 7/10/07 Transcript at 26-28.

Gibson, Dunn &
Crutcher LLP

46

**Plaintiffs' Request for Production No. 51:**

Any and all communications, "blog" postings, call logs, emails or other documents from any member of the public concerning any of the Plaintiffs and/or Musical Artists.

**Defendants' Response to Request for Production No. 51:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs, as much of the information sought with this Request can be obtained by accessing www.wolfgangsvault.com. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 51:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing

Gibson, Dunn & Crutcher LLP

General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 52:**

Any and all documents concerning any offer(s) to license, license(s) or license negotiations made or issued by, to or with any of the Defendants in connection with the Acquired Materials or any element thereof.

**Defendants' Response to Request for Production No. 52:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Supplemental Response to Request for Production No. 52:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

1   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

2   Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

3   further object to this Request to the extent that it seeks information protected from disclosure by the

4   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

5   parties.  Defendants further object to this Request to the extent that it seeks confidential business,

6   trade secret, and/or financial information.  Subject to and without waiving these or the foregoing

7   General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as

8   follows:

9        Defendants will produce relevant, non-privileged documents that are responsive to this

10  Request, to the extent such documents are found within its possession, custody, or control after a

11  reasonable and diligent search, and to the extent such documents have not already been produced to

12  Plaintiffs.

13       **Plaintiffs' Request for Production No. 53:**

14       Any and all documents concerning Defendants' sales, revenues, profits and expenses in

15  connection with the sale, license and/or exploitation of all Acquired Materials or Reproductions that

16  feature or concern Plaintiffs' Intellectual Property.

17       **Defendants' Response to Request for Production No. 53:**

18       Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing

19  and oppressive.  Defendants further object to this Request to the extent that it is vague and misleading

20  with respect to the phrase "Plaintiffs' Intellectual Property," as it is unclear which "federal and state

21  common law copyrights and/or other rights in the Sound Recordings and/or Audio Recordings" it is

22  referring to; it assumes facts not in evidence; is argumentative; and it calls for legal conclusions about

23  Plaintiffs' purported rights, when in fact Defendants are acting and have always acted lawfully.

24  Defendants further object to this Request to the extent that it seeks information protected from

25  disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants

26  further object to this Request to the extent that it seeks information not relevant to the claims or

27  defenses of any party to the pending action.  Defendants further object to this Request to the extent

28  that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that

1   it seeks information protected from disclosure by the constitutional right to privacy of Defendants,

2   Defendants' past or present employees and/or third parties.

3   **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

4   **Production No. 53:**

5   At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

6   non-privileged documents responsive to this request.  *See* 7/10/07 Transcript at 26-28.

7   **Plaintiffs' Request for Production No. 54:**

8   Any and all documents concerning Defendants' gross monthly revenues from the sale, license

9   and/or exploitation of the Acquired Materials.

10   **Defendants' Response to Request for Production No. 54:**

11   Defendants object to this Request on the grounds that it is overly broad, burdensome,

12   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

13   information protected from disclosure by the attorney-client privilege and/or the attorney work

14   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

15   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

16   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

17   Request to the extent that it calls for expert testimony and/or legal conclusions.  Defendants further

18   object to this Request to the extent that it seeks information protected from disclosure by the

19   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

20   parties.

21   **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

22   **Production No. 54:**

23   At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

24   non-privileged documents responsive to this request.  *See* 7/10/07 Transcript at 26-28.

25   **Plaintiffs' Request for Production No. 55:**

26   Any and all documents concerning any valuation or appraisal of some or all of the Acquired

27   Materials, including without limitation, the appraisals performed by Paul Grushkin and Rick

28   Pralinger.

**Defendants' Response to Request for Production No. 55:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 55:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all non-privileged documents responsive to this request. *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 56:**

Any and all documents concerning the number of "hits" on the Website in each month since it was launched.

**Defendants' Response to Request for Production No. 56:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants

1   further object to this Request to the extent that it seeks confidential business, trade secret, and/or

2   financial information.

3   **Defendants' Supplemental Response to Request for Production No. 56:**

4   Defendants object to this Request on the grounds that it is overly broad, burdensome,

5   harassing and oppressive. Defendants further object to this Request to the extent that it seeks

6   information protected from disclosure by the attorney-client privilege and/or the attorney work

7   product doctrine. Defendants further object to this Request to the extent that it seeks information not

8   relevant to the claims or defenses of any party to the pending action. Defendants further object to this

9   Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

10  Request to the extent that it seeks information protected from disclosure by the constitutional right to

11  privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants

12  further object to this Request to the extent that it seeks confidential business, trade secret, and/or

13  financial information. Subject to and without waiving these or the foregoing General Objections, and

14  subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

15  Defendants will produce relevant, non-privileged documents that are responsive to this

16  Request, to the extent such documents are found within its possession, custody, or control after a

17  reasonable and diligent search, and to the extent such documents have not already been produced to

18  Plaintiffs.

19  **Plaintiffs' Request for Production No. 57:**

20  Any and all press releases, advertising, promotional materials, brochures or other materials

21  used to advertise, promote or market the Website, the Sound Recordings and/or the Materials.

22  **Defendants' Response to Request for Production No. 57:**

23  Defendants object to this Request on the grounds that it is overly broad, burdensome,

24  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

25  information protected from disclosure by the attorney-client privilege and/or the attorney work

26  product doctrine. Defendants further object to this Request to the extent that it seeks information not

27  relevant to the claims or defenses of any party to the pending action. Defendants further object to this

28  Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 58:**

Any and all documents concerning any alleged right by Defendants to sell, copy, license, publicly perform or otherwise exploit any of the Acquired Materials or Reproductions.

**Defendants' Response to Request for Production No. 58:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 58:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not

relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 59:**

Any and all documents concerning any legal or business analysis, opinion, or assessment, concerning Defendants' right (or lack thereof) to sell, license, display, perform, copy, distribute, or otherwise exploit the Materials.

**Defendants' Response to Request for Production No. 59:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Plaintiffs' Request for Production No. 60:**

Any and all documents concerning any business plans, memoranda or analysis concerning the sale, license, performance, distribution or other exploitation by the Defendants of the Acquired Materials.

**Defendants' Response to Request for Production No. 60:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 60:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request and relate to Plaintiff artists, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

Gibson, Dunn &
Crutcher LLP

**Plaintiffs' Request for Production No. 61:**

Any and all documents concerning communications, licenses, negotiations, settlement discussions, demand letters or offers to license between Defendants, on the one hand, and any musical performing artists or record company, on the other hand, concerning the right to sell, copy, license, publicly perform or otherwise exploit any sound recordings or audiovisual recording in the Vault.

**Defendants' Response to Request for Production No. 61:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 61 :**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all non-privileged documents responsive to this request. *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 62:**

Any and all documents concerning or supporting Defendants' assertion that "[t]he recordings were made legally; Mr. Sagan has a filing cabinet filled with documentation to prove it," as reported in *Pipe Dream: Music Stash Recalls When Rock was Young*, THE WALL STREET JOURNAL ONLINE, Dec. 13, 2005, including without limitation, copies of all such referenced documentation.

Gibson, Dunn &
Crutcher LLP

**Defendants' Response to Request for Production No. 62:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 63:**

Any and all documents concerning or supporting Defendants' assertion that "Sagan's employees have already digitized more than 1,000 audio recordings and sent them to engineers to have the sound quality cleaned up," as reported in *Rock Hound: Rare Recordings in $5 Million Memorabilia Purchase*, Rocky Mountain News, Dec. 26, 2005.

**Defendants' Response to Request for Production No. 63:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 63:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Without admitting the accuracy of the purported quote, Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 64:**

Any and all documents concerning or supporting Defendants' assertion that "[b]ecause they own the master recordings, they are legally able to stream the music," as reported in *New Website to Feature Vintage Rock 'N' Rarities*, NEW YORK POST, Jan. 15, 2006.

**Defendants' Response to Request for Production No. 64:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

Gibson, Dunn & Crutcher LLP

**Defendants' Supplemental Response to Request for Production No. 64:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 65:**

Any and all documents concerning Defendants' assertion that they "eventually plan to make these audio and video recordings available for downloads," as reported in Defendants' Press Release dated February 8, 2006, including without limitation documents identifying all Sound Recordings and/or Audiovisual Recordings to be made available for download, the price at which such recordings will be sold, if any, the format in which such downloads will be offered (including any digital rights management technology), the date of availability for download and any and all licenses obtained by Defendants permitting such downloads, if any.

**Defendants' Response to Request for Production No. 65:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

Gibson, Dunn & Crutcher LLP

1    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

2    Request to the extent that it seeks information protected from disclosure by the constitutional right to

3    privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants

4    further object to this Request to the extent that it seeks confidential business, trade secret, and/or

5    financial information.

6    **Defendants' Statement On The Record At The July 10 Hearing Regarding Request for**

7    **Production No. 65:**

8    At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all

9    non-privileged documents responsive to this request.  *See* 7/10/07 Transcript at 26-28.

10   **Plaintiffs' Request for Production No. 66:**

11   Any and all documents concerning or supporting Bill Sagan's assertion that "Graham got

12   rights way back then in some of those initial contracts" that would permit exploitation of the Sound

13   Recordings, as quoted on National Public Radio's *Weekend Edition Saturday: "Vault Radio, Offering*

14   *Fresh Blasts from the Past"* on Feb. 11, 2006.

15   **Defendants' Response to Request for Production No. 66:**

16   Defendants object to this Request on the grounds that it is overly broad, burdensome,

17   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18   information not relevant to the claims or defenses of any party to the pending action.  Defendants

19   further object to this Request to the extent that it seeks information protected from disclosure by the

20   attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this

21   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

22   Request to the extent that it seeks information protected from disclosure by the constitutional right to

23   privacy of Defendants, Defendants' past or present employees and/or third parties.

24   **Defendants' Supplemental Response to Request for Production No. 66:**

25   Defendants object to this Request on the grounds that it is overly broad, burdensome,

26   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

27   information not relevant to the claims or defenses of any party to the pending action.  Defendants

28   further object to this Request to the extent that it seeks information protected from disclosure by the

attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 67:**

Any and all documents concerning Bill Sagan's claim that Defendants "have all those initial contracts, Janis Joplin's signature right next to Bill Graham's, Jimi Hendrix's," as quoted in National Public Radio's *Weekend Edition Saturday: "Vault Radio, Offering Fresh Blasts from the Past"* on Feb. 11, 2006, including without limitation copies of all such contracts.

**Defendants' Response to Request for Production No. 67:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 67:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants

further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 68:**

Any and all documents concerning or supporting Bill Sagan's contention that Graham obtained "some rights" that other promoters do not have due to Graham being a "visionary in how he structured some of these agreements," as quoted in Ray Waddell, Vault News: Bill Graham's Vault, BILLBOARD, Feb. 18, 2006.

**Defendants' Response to Request for Production No. 68:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 68:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

Gibson, Dunn & Crutcher LLP

1    information protected from disclosure by the attorney-client privilege and/or the attorney work

2    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

3    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

4    Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

5    Request to the extent that it seeks information protected from disclosure by the constitutional right to

6    privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

7    without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

8    Protective Order, Defendants respond as follows:

9        Defendants will produce relevant, non-privileged documents that are responsive to this

10   Request, to the extent such documents are found within its possession, custody, or control after a

11   reasonable and diligent search, and to the extent such documents have not already been produced to

12   Plaintiffs.

13   **Plaintiffs' Request for Production No. 69:**

14       A copy of the contract described by Bill Sagan as "a Janis Joplin contract . . . from a

15   Winterland in 1969 . . . signed by Bill Graham and signed by Janis Joplin," as quoted in *Sunday*

16   *Morning with Charles Osgood* on CBS on Feb. 19, 2006.

17   **Defendants' Response to Request for Production No. 69:**

18       Defendants object to this Request on the grounds that it is overly broad, burdensome,

19   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

20   information protected from disclosure by the attorney-client privilege and/or the attorney work

21   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

22   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

23   Request to the extent that it seeks information protected from disclosure by the constitutional right to

24   privacy of Defendants, Defendants' past or present employees and/or third parties.

25   **Defendants' Supplemental Response to Request for Production No. 69:**

26       Defendants object to this Request on the grounds that it is overly broad, burdensome,

27   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

28   information protected from disclosure by the attorney-client privilege and/or the attorney work

product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 70:**

Any and all documents concerning or supporting Bill Sagan's contention that the Acquired Materials obtained from SFX and/or Clear Channel are "worth a significant amount more" than the amount he paid, "in excess of 50 million.  It's probably in excess of 100 million," as quoted in *Sunday Morning with Charles Osgood* on CBS on Feb. 19, 2006.

**Defendants' Response to Request for Production No. 70:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 70:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all non-privileged documents responsive to this request. *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 71:**

Any and all documents concerning any negotiation by Defendants with any musical performing artist or their representatives or record company to secure permission to exploit any of the Acquired Material, including without limitation alleged negotiations in London with attorneys for Led Zeppelin and negotiations with Sony BMG.

**Defendants' Response to Request for Production No. 71:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing, argumentative and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information.

**Defendants' Supplemental Response to Request for Production No. 71:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing, argumentative and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants

1   further object to this Request to the extent that it seeks information at least equally available to

2   Plaintiffs.  Defendants further object to this Request to the extent that it seeks information protected

3   from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present

4   employees and/or third parties.  Defendants further object to this Request to the extent that it seeks

5   confidential business, trade secret, and/or financial information.  Subject to and without waiving

6   these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

7   Defendants respond as follows:

8           Defendants will produce relevant, non-privileged documents that are responsive to this

9   Request, to the extent such documents are found within its possession, custody, or control after a

10   reasonable and diligent search, and to the extent such documents have not already been produced to

11   Plaintiffs.

12           **Plaintiffs' Request for Production No. 72:**

13           Any and all documents that support Bill Sagan's contention that "[w]e have the ability to take

14   these recordings and broadcast them.  We own the master recording, and in order to broadcast them,

15   you don't have to negotiate it with anyone, you just pay the rate," as quoted in *Unknown Rock*

16   *Archive Opened!*, MOJO MAGAZINE, Oct. 1, 2006.

17           **Defendants' Response to Request for Production No. 72:**

18           Defendants object to this Request on the grounds that it is overly broad, burdensome,

19   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

20   information not relevant to the claims or defenses of any party to the pending action.  Defendants

21   further object to this Request to the extent that it seeks information protected from disclosure by the

22   attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this

23   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

24   Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

25   further object to this Request to the extent that it seeks information protected from disclosure by the

26   constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

27   parties.

28

Gibson, Dunn &
Crutcher LLP

1   **Defendants' Supplemental Response to Request for Production No. 72:**

2   Defendants object to this Request on the grounds that it is overly broad, burdensome,

3   harassing and oppressive. Defendants further object to this Request to the extent that it seeks

4   information not relevant to the claims or defenses of any party to the pending action. Defendants

5   further object to this Request to the extent that it seeks information protected from disclosure by the

6   attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this

7   Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this

8   Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants

9   further object to this Request to the extent that it seeks information protected from disclosure by the

10  constitutional right to privacy of Defendants, Defendants' past or present employees and/or third

11  parties. Subject to and without waiving these or the foregoing General Objections, and subject to the

12  entry of a Stipulated Protective Order, Defendants respond as follows:

13  Defendants will produce relevant, non-privileged documents that are responsive to this

14  Request, to the extent such documents are found within its possession, custody, or control after a

15  reasonable and diligent search, and to the extent such documents have not already been produced to

16  Plaintiffs.

17  **Plaintiffs' Request for Production No. 73:**

18  Any and all documents concerning or supporting Bill Sagan's contention that "Graham

19  obtained releases to record the bands," as quoted in Rockin' the Web, LOS ANGELES TIMES, Nov. 12,

20  2006, including without limitation, copies of any such releases.

21  **Defendants' Response to Request for Production No. 73:**

22  Defendants object to this Request on the grounds that it is overly broad, burdensome,

23  harassing and oppressive. Defendants further object to this Request to the extent that it seeks

24  information not relevant to the claims or defenses of any party to the pending action. Defendants

25  further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants

26  further object to this Request to the extent that it seeks information protected from disclosure by the

27  attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this

28  Request to the extent that it seeks information protected from disclosure by the constitutional right to

Gibson, Dunn &
Crutcher LLP

1   privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

2   without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

3   Protective Order, Defendants respond as follows:

4          Defendants will produce relevant, non-privileged documents that are responsive to this

5   Request, to the extent such documents are found within its possession, custody, or control after a

6   reasonable and diligent search, and to the extent such documents have not already been produced to

7   Plaintiffs.

8          **Plaintiffs' Request for Production No. 74:**

9          Any and all documents concerning or supporting the contention by Defendants' counsel that

10  "Wolfgang's Vault has the right to use the posters, photographs and music.  The rights were acquired

11  in a series of transactions that can't be challenged," as quoted in *They're Not in Concert: Wolfgang's*

12  *Vault Site Opens a Pandora's Box of Copyright Issues Over Rock Performances*, SAN FRANCISCO

13  CHRONICLE, Dec. 26, 2006.

14         **Defendants' Response to Request for Production No. 74:**

15         Defendants object to this Request on the grounds that it is overly broad, burdensome,

16  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

17  information not relevant to the claims or defenses of any party to the pending action.  Defendants

18  further object to this Request to the extent that it seeks information protected from disclosure by the

19  attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this

20  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

21  Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants

22  further object to this Request to the extent that it calls for expert testimony and/or legal conclusions.

23  Defendants further object to this Request to the extent that it seeks information protected from

24  disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees

25  and/or third parties.

26         **Defendants' Supplemental Response to Request for Production No. 74:**

27         Defendants object to this Request on the grounds that it is overly broad, burdensome,

28  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

information not relevant to the claims or defenses of any party to the pending action.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it calls for expert testimony and/or legal conclusions.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 75:**

Any and all documents concerning or supporting the assertion on the Website that "[w]e have acquired each item from its original artist, the production company that staged the concert, the photographer that took the photograph or the performer that played the music."

**Defendants' Response to Request for Production No. 75:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Supplemental Response to Request for Production No. 75:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 76:**

Any and all documents concerning the "Certificates of Provenance signed by the archivist" referenced on the Website, including without limitation copies of all such certificates.

**Defendants' Response to Request for Production No. 76:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information not relevant to the claims or defenses of any party to the pending action. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 76:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to produce all non-privileged documents responsive to this request. *See* 7/10/07 Transcript at 26-28.

**Plaintiffs' Request for Production No. 77:**

Any and all documents concerning or supporting Defendants' contention at paragraphs 38-40 of their Counterclaims that Graham "sold thousands upon thousands of items of memorabilia from his legendary shows . . . [and] sold more than 250,000 posters of the very same kind now sold by [Bill Graham Archives] . . . and licensed audio and video footage of the legendary concerts he promoted."

**Defendants' Response to Request for Production No. 77:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks confidential business, trade secret, and/or financial information. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

Gibson, Dunn &
Crutcher LLP

**Plaintiffs' Request for Production No. 78:**

Any and all communications and related documents between Warner Music Group, including any of its agents, representatives, or employees, and Defendants, including without limitation those communications and documents referenced in paragraphs 53-61 of Defendants' Counterclaims.

**Defendants' Response to Request for Production No. 78:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 79:**

Any and all communications and related documents between Sony BMG, including any of its agents, representatives, or employees, and Defendants, including without limitation those communications and documents referenced in paragraphs 67-81 of Defendants' Counterclaims.

**Defendants' Response to Request for Production No. 79:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it

1  seeks information protected from disclosure by the constitutional right to privacy of Defendants,

2  Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

3  the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

4  Defendants respond as follows:

5       Defendants will produce relevant, non-privileged documents that are responsive to this

6  Request, to the extent such documents are found within its possession, custody, or control after a

7  reasonable and diligent search, and to the extent such documents have not already been produced to

8  Plaintiffs.

9       **Plaintiffs' Request for Production No. 80:**

10       Any and all documents concerning or supporting Defendants' contention at paragraph 65 of

11  their Counterclaims that "subsidiaries of Sony BMG had previously entered into licensing

12  agreements with King Biscuit . . . that would effectively preclude Plaintiffs from asserting claims

13  related to many Sony BMG artists," including without limitation, copies of such licensing

14  agreements.

15       **Defendants' Response to Request for Production No. 80:**

16       Defendants object to this Request on the grounds that it is overly broad, burdensome,

17  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

18  information protected from disclosure by the attorney-client privilege and/or the attorney work

19  product doctrine.  Defendants further object to this Request to the extent that it seeks information at

20  least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it is

21  vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks

22  information protected from disclosure by the constitutional right to privacy of Defendants,

23  Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

24  the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

25  Defendants respond as follows:

26       Defendants will produce relevant, non-privileged documents that are responsive to this

27  Request, to the extent such documents are found within its possession, custody, or control after a

28

Gibson, Dunn &
Crutcher LLP

73

1    reasonable and diligent search, and to the extent such documents have not already been produced to

2    Plaintiffs.

3            **Plaintiffs' Request for Production No. 81:**

4            A copy of the Confidentiality Agreement purportedly signed by Sony BMG and Defendants

5    in January of 2006, as alleged in paragraphs 72-75 of Defendants' Counterclaims.

6            **Defendants' Response to Request for Production No. 81:**

7            Defendants object to this Request on the grounds that it is overly broad, burdensome,

8    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

9    information protected from disclosure by the attorney-client privilege and/or the attorney work

10   product doctrine.  Defendants further object to this Request to the extent that it seeks information at

11   least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it

12   seeks information protected from disclosure by the constitutional right to privacy of Defendants,

13   Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

14   the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

15   Defendants respond as follows:

16           Defendants will produce relevant, non-privileged documents that are responsive to this

17   Request, to the extent such documents are found within its possession, custody, or control after a

18   reasonable and diligent search, and to the extent such documents have not already been produced to

19   Plaintiffs.

20           **Plaintiffs' Request for Production No. 82:**

21           Any and all documents related to communications between Defendants and a "high-ranking

22   Sony BMG executive," and the visit to Defendants by a record producer as alleged by Defendants at

23   paragraphs 77-80 of their Counterclaims.

24           **Defendants' Response to Request for Production No. 82:**

25           Defendants object to this Request on the grounds that it is overly broad, burdensome,

26   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

27   information protected from disclosure by the attorney-client privilege and/or the attorney work

28   product doctrine.  Defendants further object to this Request to the extent that it seeks information at

1   least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it

2   seeks information protected from disclosure by the constitutional right to privacy of Defendants,

3   Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

4   the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

5   Defendants respond as follows:

6           Defendants will produce relevant, non-privileged documents that are responsive to this

7   Request, to the extent such documents are found within its possession, custody, or control after a

8   reasonable and diligent search, and to the extent such documents have not already been produced to

9   Plaintiffs.

10          **Plaintiffs' Request for Production No. 83:**

11          Any and all Documents concerning or supporting Defendants' assertion that Sony BMG

12  "disclosed Confidential Information elicited from Bill Graham Archives to its Co-Plaintiffs and

13  Counterclaim Defendants," as alleged at paragraph 125 of Defendants' Counterclaims.

14          **Defendants' Response to Request for Production No. 83:**

15          Defendants object to this Request on the grounds that it is overly broad, burdensome,

16  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

17  information protected from disclosure by the attorney-client privilege and/or the attorney work

18  product doctrine.  Defendants further object to this Request to the extent that it seeks information at

19  least equally available to Plaintiffs.  Defendants further object to this Request to the extent that it is

20  vague, ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks

21  information protected from disclosure by the constitutional right to privacy of Defendants,

22  Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

23  the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

24  Defendants respond as follows:

25          Defendants will produce relevant, non-privileged documents that are responsive to this

26  Request, to the extent such documents are found within its possession, custody, or control after a

27  reasonable and diligent search, and to the extent such documents have not already been produced to

28  Plaintiffs.

**Plaintiffs' Request for Production No. 84:**

Any and all documents concerning or supporting Defendants' assertion that Warner Music Group made "material misrepresentations, omissions and concealments," as alleged at paragraph 106 of Defendants' Counterclaims.

**Defendants' Response to Request for Production No. 84:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information at least equally available to Plaintiffs. Defendants further object to this Request to the extent that it is vague, ambiguous and uncertain. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties. Subject to and without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated Protective Order, Defendants respond as follows:

Defendants will produce relevant, non-privileged documents that are responsive to this Request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiffs.

**Plaintiffs' Request for Production No. 85:**

Any and all documents concerning the settlement agreement between Bravado and Bill Graham Archives dated January 2005, as referenced at paragraph 154 of Defendants' Counterclaims, including without limitation the Preceding Correspondence referenced at paragraphs 158-161 of Defendants' Counterclaims and any other communications and negotiations between Bravado and Bill Graham Archives preceding or concerning that agreement.

**Defendants' Response to Request for Production No. 85:**

Defendants object to this Request on the grounds that it is overly broad, burdensome, harassing and oppressive. Defendants further object to this Request to the extent that it seeks

1  information protected from disclosure by the attorney-client privilege and/or the attorney work

2  product doctrine.  Defendants further object to this Request to the extent that it is vague, ambiguous

3  and uncertain.  Defendants further object to this Request to the extent that it seeks information at least

4  equally available to Plaintiffs.  Defendants further object to this Request to the extent that it is vague,

5  ambiguous and uncertain.  Defendants further object to this Request to the extent that it seeks

6  information protected from disclosure by the constitutional right to privacy of Defendants,

7  Defendants' past or present employees and/or third parties.  Subject to and without waiving these or

8  the foregoing General Objections, and subject to the entry of a Stipulated Protective Order,

9  Defendants respond as follows:

10       Defendants will produce relevant, non-privileged documents that are responsive to this

11  Request, to the extent such documents are found within its possession, custody, or control after a

12  reasonable and diligent search, and to the extent such documents have not already been produced to

13  Plaintiffs.

14       **Plaintiffs' Request for Production No. 86:**

15       Any and all documents identifying and explaining the Defendants' document retention

16  policy(ies), including without limitation the backup of servers, the update of the Website, and the

17  archiving and destruction of old data and/or documents.

18       **Defendants' Response to Request for Production No. 86:**

19       Defendants object to this Request on the grounds that it is overly broad, burdensome,

20  harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

21  information protected from disclosure by the attorney-client privilege and/or the attorney work

22  product doctrine.  Defendants further object to this Request to the extent that it seeks information not

23  relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

24  Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

25  Request to the extent that it seeks information protected from disclosure by the constitutional right to

26  privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

27  without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

28  Protective Order, Defendants respond as follows:

1    Defendants will produce relevant, non-privileged documents that are responsive to this

2    Request, to the extent such documents are found within its possession, custody, or control after a

3    reasonable and diligent search, and to the extent such documents have not already been produced to

4    Plaintiffs.

5    **Plaintiffs' Request for Production No. 87:**

6    Any and all documents concerning the formation of Norton, LLC and Bill Graham Archives,

7    LLC, d/b/a Wolfgang's Vault, and a list of the officers and directors for those entities.

8    **Defendants' Response to Request for Production No. 87:**

9    Defendants object to this Request on the grounds that it is overly broad, burdensome,

10   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

11   information protected from disclosure by the attorney-client privilege and/or the attorney work

12   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

13   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

14   Request to the extent that it is vague, ambiguous and uncertain.  Defendants further object to this

15   Request to the extent that it seeks information protected from disclosure by the constitutional right to

16   privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

17   without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

18   Protective Order, Defendants respond as follows:

19   Defendants will produce relevant, non-privileged documents that are responsive to this

20   Request, to the extent such documents are found within its possession, custody, or control after a

21   reasonable and diligent search, and to the extent such documents have not already been produced to

22   Plaintiffs.

23   **Plaintiffs' Request for Production No. 88:**

24   All board minutes, approvals, resolutions, and other corporate records of Norton, LLC and

25   Bill Graham Archives, LLC.

26   **Defendants' Response to Request for Production No. 88:**

27   Defendants object to this Request on the grounds that it is overly broad, burdensome,

28   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

Gibson, Dunn &
Crutcher LLP

78

1    information protected from disclosure by the attorney-client privilege and/or the attorney work

2    product doctrine.  Defendants further object to this Request to the extent that it seeks information not

3    relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

4    Request to the extent that it seeks information protected from disclosure by the constitutional right to

5    privacy of Defendants, Defendants' past or present employees and/or third parties.

6            **Defendants' Supplemental Response to Request for Production No. 88:**

7            Defendants object to this Request on the grounds that it is overly broad, burdensome,

8    harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

9    information protected from disclosure by the attorney-client privilege and/or the attorney work

10   product doctrine.  Defendants further object to this Request to the extent that it seeks information not

11   relevant to the claims or defenses of any party to the pending action.  Defendants further object to this

12   Request to the extent that it seeks information protected from disclosure by the constitutional right to

13   privacy of Defendants, Defendants' past or present employees and/or third parties.  Subject to and

14   without waiving these or the foregoing General Objections, and subject to the entry of a Stipulated

15   Protective Order, Defendants respond as follows:

16           Defendants will produce relevant, non-privileged documents that are responsive to this

17   Request and relate to the instant matter, to the extent such documents are found within its possession,

18   custody, or control after a reasonable and diligent search, and to the extent such documents have not

19   already been produced to Plaintiffs.

20           **Plaintiffs' Request for Production No. 89:**

21           Documents sufficient to identify all past and present employees of the Defendants, including

22   the dates of employment and job descriptions for each such employee.

23           **Defendants' Response to Request for Production No. 89:**

24           Defendants object to this Request on the grounds that it is overly broad, burdensome,

25   harassing and oppressive.  Defendants further object to this Request to the extent that it seeks

26   information protected from disclosure by the attorney-client privilege and/or the attorney work

27   product doctrine.  Defendants further object to this Request to the extent that it seeks information

28

Gibson, Dunn &
Crutcher LLP

protected from disclosure by the constitutional right to privacy of Defendants, Defendants' past or present employees and/or third parties.

**Defendants' Statement On The Record At The July 10 Hearing Regarding Request for Production No. 89:**

At the July 10 hearing on Plaintiffs' first motion to compel, Defendants agreed to provide this information via an interrogatory response in lieu of producing responsive documents. *See* 7/10/07 Transcript at 26-28.

100296187_3.DOC