Jeffrey H. Reeves (SBN 156648)
Joshua A. Jessen (SBN 222831)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
jreeves@gibsondunn.com
(949) 451-3800 (Telephone)
(949) 451-4220 (Facsimile)

and

S. Ashlie Beringer (admitted *pro hac vice*)
Laura M. Sturges (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
aberinger@gibsondunn.com
(303) 298-5718 (Telephone)
(303) 313-2868 (Facsimile)

Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA, LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC,<br><br>Plaintiffs,<br><br>v. | CASE NO. 06-07727 (JW) (PVT)<br><br>**DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Date:  September 18, 2007<br>Time:  10:00 a.m.<br>Ctrm:  Honorable Patricia V. Trumbull |

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

WILLIAM E. SAGAN, an individual, NORTON LLC, a limited liability company, and BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company,

                      Defendants.

NORTON LLC, a limited liability company, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, and WILLIAM E. SAGAN, an individual,

      Counterclaimants,

  v.

GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC, ROBERT WEIR, an individual, WARNER MUSIC GROUP CORP., a Delaware corporation, RHINO ENTERTAINMENT, its subsidiary, and BRAVADO INTERNATIONAL GROUP, INC., a California corporation,

      Counterclaim Defendants.

---

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

I, S. Ashlie Beringer, declare as follows:

1. I am an attorney licensed to practice law in all courts in the State of Colorado and New York and am admitted *pro hac vice* to practice before the United States District Court, Northern District of California, in the above-referenced matter. I am an attorney in the law firm of Gibson, Dunn & Crutcher LLP and am one of the attorneys responsible for the representation of the Plaintiffs and Counterclaim Defendants in this matter. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the facts stated herein.

<u>Defendants' Document Production</u>

2. On March 21, 2007, Plaintiffs' served their initial Requests for Production of Documents ("Requests") and Interrogatories. A true and correct copy of the Requests are attached hereto as Exhibit A, and a true and correct copy of the Interrogatories are attached hereto as Exhibit K.

3. On April 23, 2007, Defendants served their written responses and objections to the Requests, in which they objected to producing any documents in response to 54 of the 89 requests. Defendants also served blanket, boilerplate objections to all 27 of Plaintiffs' interrogatories based contending that the interrogatories allegedly contained hundreds of discrete subparts. A true and correct copy of Defendants' written responses and objections to the Requests is attached hereto as Exhibit B and to the Interrogatories is attached hereto as Exhibit L.

4. Following telephonic meet and confer conferences between counsel for the parties, Defendants agreed to produce documents responsive to 37 of the 54 document requests to which they had initially objected, but refused to agree to produce documents responsive to the remaining 17 document requests to which they had objected. A true and correct copy of Defendants' supplemental written responses and objections to the Requests, served May 14, 2007, is attached hereto as Exhibit C.

5. On May 22, 2007, Plaintiffs' filed a motion to compel responses to 17 of the Requests for which Defendants had refused to provide documents. (Docket No. 54)

1

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

6. On July 10, 2007, this Court held a hearing on Plaintiffs' motion to compel. At the outset of the conference, the Court issued a tentative opinion granting Plaintiffs' motion to compel with respect to 15 of the 17 disputed requests. (Docket No. 85 at p. 25). Thereafter, the Court instructed counsel to further meet and confer in an attempt to reach an agreement on the disputed document requests. Following that meet and confer, counsel went back on the record to advise that Defendants had agreed to produce documents responsive to 15 of the disputed requests, as narrowed in certain instances by Plaintiffs. That agreement was memorialized on the record during the conference. (*Id.* at 26-28). A true and correct copy of the transcript of the July 10, 2007 hearing (Docket No. 85) is attached hereto as Exhibit M.

7. On June 7, 2007, Defendants made an initial document production of 3,561 pages. After reviewing these materials, Plaintiffs discovered that this initial production did not contain the vast majority of the documents Defendants had agreed to produce. Plaintiffs promptly wrote to Defendants on July 8, 2007 to outline their concerns with Defendants' production and to request a meet and confer conference. A true and correct copy of Plaintiffs' July 8, 2007 letter is attached hereto as Exhibit D.

8. On July 23, 2007, my colleague Joshua Jessen and I participated in a telephonic meet and confer with Rebecca Calkins and Erin Ranahan, counsel for Defendants, during which Ms. Calkins confirmed that Defendants intended to produce all documents responsive to the fifteen (15) document requests that Defendants had agreed to produce on the record during the July 10th discovery conference, as well as all documents responsive to the 72 requests to which Defendants previously had agreed to produce documents in their supplemental written objections and responses to the Requests, attached as Exhibit C. During that conference, I repeatedly attempted to establish a date by which Defendants would make this supplemental production, particularly given Plaintiffs need to review those materials in advance of upcoming depositions which were scheduled to begin less than a month later. Ms. Calkins repeatedly stated that she would not provide a date by which the documents would be produced, but that she would produce those documents "as soon as possible."

2
DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

Gibson, Dunn & Crutcher LLP

9. During the week of August 20-24, Defendants produced an additional 5,492 pages of documents, as well as 68 hours of sound recordings. Of these documents, 2,201 pages – almost half – consist of two spreadsheets that apparently were produced by Defendants for this litigation (and that contain approximately two records per page), which identify some (but not all) of the recordings and merchandise at issue in the case. Of the remaining pages, over 2,000 are copyright registrations in poster art and photographs, most of which do not feature the Plaintiffs or their intellectual property, and an additional almost 600 pages consist of print outs from Defendants' website or other reproductions of images of the merchandise at issue. Moreover, this production contained a trivial number of emails, including less than five emails to or from defendant William Sagan.

10. In addition, Defendants produced over 68 hours of sound recordings back to back on three MP3 discs, with absolutely no index or identifying information that would permit Plaintiffs to identify the location of a particular recording, without listening to the entire 68 hours.

11. On August 27, 2007, Plaintiffs' counsel sent a detailed letter to Defendants outlining several specific categories of documents that Defendants had agreed to produce – and that are plainly in Defendants' possession – but which have not yet been produced by Defendants. A true and correct copy of Plaintiffs' August 27, 2007 letter is attached hereto as Exhibit E.

12. The following day, on August 28, 2007, my colleague, Joshua Jessen, and I participated in a telephonic meet and confer conference with Rebecca Calkins and Erin Ranahan, counsel for defendants, which lasted over four and a half hours. During that conference, Defendants' counsel continued to refuse to agree to a date by when all responsive documents would be produced, even though depositions of Defendants' witnesses were scheduled to begin less than three weeks later. At one point during the call, Defendants' counsel attempted to justify the failure to produce documents by arguing that there was no deadline in place for the production. Ultimately, Defendants' counsel would not commit to producing the documents before the upcoming depositions and stated only that they were doing "the best they could" to produce the documents and would make the documents available "as soon as possible." In addition, because we were concerned by the fact that virtually no emails had been produced by Defendants, we asked Ms. Calkins to address the steps

3

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

Defendants had taken to collect relevant emails, and identified the steps that Plaintiffs had taken in that regard. Ms. Calkins replied by stating that she "didn't have to tell" us what Defendants had been doing to collect emails, while stating that Defendants had fully complied with their obligations.

13. Also during the conference, it became clear that with respect to several categories of key documents, Defendants' counsel had not even begun to look for responsive documents, or to review those documents. I questioned Ms. Calkins on the status of numerous specific categories of documents, including copyright registrations in the sound recordings, agreements between predecessors-in-interest to Defendants and the Musical Artists, and Defendants' negotiations related to the transactions by which they acquired the assets in question. With respect to these and numerous other basic categories, Ms. Calkins repeatedly stated that she had "to check" to see what documents were in Defendants' possession. I also asked Ms. Calkins why Defendants had not produced any documents concerning Defendants reproduction of posters and photographs. Ms. Calkins replied that she was unaware that Defendants had engaged in any such reproductions and asked that Plaintiffs counsel to provide "an example." After expressing concerns that Defendants counsel apparently had not taken basic steps to investigate Defendants' activities (let alone, produce related documents), Mr. Jessen referred Ms. Calkins to Defendants' website, which makes clear that Defendants are offering "Poster Reprints" and "Serigraphs," described as "extremely high quality reproductions of some of the most significant posters in our collection." At this point Defendants' counsel stated that she did know about the reproductions, but had no information about documents concerning those reproductions.

14. Following the meet and confer, on August 30, 2007, Mr. Jessen sent an email to Ms. Calkins confirming the highlights of the meet and conference and Plaintiffs' continued concern with Defendants' approach to their discovery obligations. Ms. Calkins responded to Mr. Jessen's email on behalf of the Defendants on September 4, 2007. A true and correct copy of Joshua Jessen's August 30 email to Ms. Calkins is attached hereto as Exhibit F, and Ms. Calkin's September 4 reply is attached hereto as Exhibit G.

<u>Defendants' Interrogatory Responses</u>

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

15. On March 21, 2007, Plaintiffs served their initial Interrogatories. Defendants objected to responding to any of these requests on the grounds that they contained subparts. Plaintiffs moved to compel responses, leading to the issuance of an Interim Order by this Court dated June 28, 2007 directing the parties to meet and confer. On July 5, 2007, Jeffrey Reeves and I participated in a telephonic meet and confer with Michael Elkin, counsel for Defendants, pursuant to this Court's Interim Order dated June 28, 2007 ordering the parties to meet and confer "regarding the manner of calculating the number of interrogatories and a reasonable number of interrogatories," among other matters. During that conference, Mr. Elkin advised that he did not think it was productive to get bogged down with counting interrogatories and that Defendants were prepared to provide information responsive to Plaintiffs' Interrogatories if Plaintiffs would agree to try to narrow and prioritize those requests in a letter and identify the information that "they really need."

16. I agreed to work cooperatively in an effort to streamline and narrow the information sought in Plaintiffs' Interrogatories, and on July 8, 2007, sent a letter to Mr. Elkin which sought to narrow and consolidate the categories of information sought by Plaintiffs' Interrogatories ("July 8th letter"). A true and correct copy of Plaintiffs' the July 8, 2007 letter modifying the information requested in Plaintiffs' Interrogatories is attached hereto as Exhibit H.

17. Thereafter, Defendants agreed to respond fully to Plaintiffs' Interrogatories, as modified by the July 8th letter, by August 22, 2007 (with respect to the categories of information requested in Section I of the letter). Accordingly, the parties filed a Joint Proposal to this Court's Interim Order re Plaintiffs' Motion to Compel on July 19, 2007, which provides that: "Defendants have **agreed** to provide complete substantive responses to Plaintiffs' Interrogatories, as modified by Plaintiffs' July 8, 2007 letter attached hereto as Exhibit A. Defendants agree to provide the information requested in Section I of Exhibit by no later than August 22, 2007 . . . ." *See* Docket No. 82 ¶ 1.

18. On August 23, 2007, Defendants provided Plaintiffs with an unverified, seven-page letter which purported to set forth "in an informal manner" the information responsive to Plaintiffs' Interrogatories, as modified by the July 8, 2007 letter. A true and correct copy of Defendants'

5

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

1  August 23, 2007 letter is attached hereto as Exhibit I.  Plaintiffs have not included the letter's two
2  attachments as part of Exhibit I because Defendants designated those attachments (one of which was
3  a list of Defendants' employees) "Highly Confidential – Attorneys' Eyes Only."
4        19.    On August 27, 2007, Plaintiffs' counsel sent a letter to Defendants' counsel addressing
5  the deficiencies in their August 23, 2007 interrogatory responses and requesting an opportunity to
6  meet and confer.  A true and correct copy of this letter is attached hereto as Exhibit J.
7        20.    On August 28, 2007, Joshua Jessen and I participated in a telephonic meet and confer
8  conference with Rebecca Calkins and Erin Ranahan, counsel for defendants, which lasted over four
9  and a half hours.  During that conference, Plaintiffs counsel addressed each of their concerns with
10 Defendants' interrogatory responses as set forth in Exhibit I, including that Defendants had not
11 verified those responses as required.  Ms. Calkins advised that it was her belief that Defendants were
12 not required to verify the information contained in Defendants' August 23, 2007 interrogatory
13 responses (Exhibit I) as it had been provided informally, and further refused to agree to provide any
14 of the additional information or responses that Defendants had failed to include in that letter.  Ms.
15 Calkins stated that with respect to certain requested categories of information, including the identity
16 of the source from which Defendants' acquired particular items of memorabilia and the identity of the
17 individuals who were responsible for capturing or recording the original sound recordings at issue in
18 this case, Defendants did not have any information in their possession concerning the requested
19 information, and had in part failed to respond to the requests on this basis.
20 <u>The Deposition Schedule</u>
21       21.    Plaintiffs were scheduled to take the depositions of Defendant William Sagan on
22 September 17, 2007, Katherine York on September 21, 2007, Courtney Chatalas on September 19,
23 2007, and Gavin Haag on September 25, 2007.  These depositions were scheduled over two months
24 ago.
25       22.    Because Defendants have failed to produce the vast majority of relevant documents
26 they have agreed to produce to date, Plaintiffs advised Defendants on September 6, 2007 that they
27
28

6

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)

would be taking each of those depositions off calendar, and seeking to reschedule those depositions in mid-October.

Status of Parties' Document Productions

23. Yesterday, on September 10, 2007, Defendants produced approximately 1000 pages of emails, apparently from the computers of only one of Defendants' many employees – Courtney Chatalas, the Director of Apparel Production and Design. Defendants still have not produced emails from the computers of dozens of key employees, including Bill Sagan, Katherine York or Eric Johnson.

24. To the best of their knowledge, Plaintiffs have completed their productions as to all parties whose depositions are scheduled (with the exception of a few stray documents to be produced within the next few days and certain documents Plaintiffs agreed late last week to provide, in response to Defendants' motion to compel), and have repeatedly confirmed that they will produce all outstanding documents (consisting solely of additional emails resulting from further searches on the servers of Plaintiff Sony BMG and Counterclaim Defendant Rhino Entertainment, parties for which no depositions have been scheduled) later this week.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 11, 2007, at Denver, Colorado.

_____/s/_____
S. Ashlie Beringer

In accordance with Civil Local Rule 5-4 and General Order No. 45(X)(B), I, Joshua A. Jessen, declare under penalty of perjury under the laws of the United States of America that I have the concurrence of Ms. Beringer to this document.

_____/s/_____
Joshua A. Jessen

Gibson, Dunn & Crutcher LLP

DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL (1) PRODUCTION OF DOCUMENTS AND THINGS, AND (2) SUBSTANTIVE, VERIFIED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES– 06-07727 (JW) (PVT)