Jeffrey H. Reeves (SBN 156648)
Joshua A. Jessen (SBN 222831)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
jreeves@gibsondunn.com
(949) 451-3800 (Telephone)
(949) 451-4220 (Facsimile)

and

S. Ashlie Beringer (admitted *pro hac vice*)
Laura M. Sturges (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
aberinger@gibsondunn.com
(303) 298-5718 (Telephone)
(303) 313-2868 (Facsimile)

Attorneys for Plaintiffs and Counter-Defendants

**IT IS SO ORDERED AS MODIFIED**
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA, LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC,<br><br>Plaintiffs,<br><br>v. | CASE NO. 06-07727 (JW) (PVT)<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE** |

Gibson, Dunn & Crutcher LLP

NY:1146778.7

WILLIAM E. SAGAN, an individual, NORTON LLC, a limited liability company, and BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company,

                  Defendants.

NORTON LLC, a limited liability company, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, and WILLIAM E. SAGAN, an individual,

      Counterclaimants,

  v.

GRATEFUL DEAD PRODUCTIONS, a California corporation, CADESTANSA LLC, a limited liability company on behalf of CARLOS SANTANA, an individual, JIMMY PAGE, an individual, ROBERT PLANT, an individual, JOHN PAUL JONES, an individual, RAYMOND MANZAREK, an individual, ROBBY KRIEGER, an individual, JOHN DENSMORE, an individual, PEARL COURSON, an individual, GEORGE MORRISON, an individual, FANTALITY CORP., a Colorado corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York partnership, and ARISTA RECORDS, a Delaware LLC, ROBERT WEIR, an individual, WARNER MUSIC GROUP CORP., a Delaware corporation, RHINO ENTERTAINMENT, its subsidiary, and BRAVADO INTERNATIONAL GROUP, INC., a California corporation,

      Counterclaim Defendants.

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

**NY:1146778.7**

1   WHEREAS, on or about November 20, 2007, all parties to this matter – (1) Plaintiffs and Counter-Defendants Grateful Dead Productions; Cadestansa LLC, a limited liability company on behalf of Carlos Santana; Jimmy Page; Robert Plant; John Paul Jones; Raymond Manzarek; Robby Krieger; John Densmore; Pearl Courson; George Morrison; Fantality Corp.; Sony BMG Music Entertainment ("Sony BMG"); BMG Music; and Arista Records; (2) Counter-Defendants Robert Weir; Warner Music Group Corp. ("Warner Music Group"); Rhino Entertainment Company ("Rhino"); and Bravado International Group, Inc. ("Bravado"); and (3) Defendants and Counterclaimants William E. Sagan; Norton LLC; and Bill Graham Archives LLC d/b/a Wolfgang's Vault – filed a Stipulation and [Proposed] Order to Stay Case Until April 1, 2008 to Allow Parties To Devote Time And Energy to Mediate Dispute (Docket #165);

WHEREAS, on or about December 7, 2007, this Court made the parties' Stipulation the Order of the Court, as modified (Docket #174);

WHEREAS, on February 20, 2008 and February 21, 2008, in compliance with the Stipulation and Order, the parties engaged in two full days of private mediation with Antonio C. Piazza in San Francisco, California;

WHEREAS, the parties devoted significant time and resources to the mediation. Prior to the mediation the parties devoted significant time and expense preparing for the mediation, including preparing mediation statements, and settlement proposals and positions and engaging in discussions with counsel. Approximately twenty-plus persons attended the mediation from across the country and the parties spent a significant amount of time and energy working toward a resolution of this matter. The parties made substantial progress toward understanding each other's positions and the terms that are ultimately important to agree upon as part of a resolution, however, the parties did not finalize the mediation process or reach a final resolution of this action given the serious complexities of this action which involves over twenty parties, eighteen claims, and sixteen counterclaims, and is centered on an array of facts, merchandise and recordings amassed over a roughly 40-year time span;

WHEREAS, this action can be broken down into two halves; one involving rock memorabilia merchandise being sold by Defendants and the other involving sound recordings being exploited by

3

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

Defendants. The mediator recommended that the parties bifurcate these two halves and seek to resolve them separately, given that each involves complex legal and factual issues and different sets of plaintiffs. The mediator further recommended that the parties seek to resolve the merchandise claims before turning to the sound recording claims. A resolution encompassing both of these halves would resolve this action in its entirety;

WHEREAS, since the mediation, the parties have remained fully committed to the mediation process and the parties have been working on a nearly daily basis – with the continued assistance of Mr. Piazza – to finalize a "mediator's proposal" regarding the merchandise claims. This process has been time consuming because of the number of plaintiff artists/companies involved, the various individualized considerations of these many artists and entities, and because the claims involve merchandise dating back to the 1960s and numerous legal and factual issues.

WHEREAS, we are pleased to report that the parties have resolved all but one or two issues regarding the merchandise claims and are close to concluding a resolution-in-principle on these claims. The parties hope to conclude this resolution-in-principle, as set forth in the "mediator's proposal," in the next few days. Thereafter, following the mediator's recommendation, the parties intend to turn to resolving the sound recording portion of the case, which the parties believe can proceed in a more streamlined fashion.

WHEREAS, the parties are committed to continuing the mediation process to fully resolve this action;

WHEREAS, the parties therefore desire an additional, reasonable period of time in which they can continue to devote their energies toward settling, rather than litigating, the dispute;

WHEREAS, the parties believe that this additional period of time will conserve the resources of the Court, including in the near-term, as the parties anticipate promptly bringing or renewing several motions before this Court should the current status quo "stay" period not be extended;

WHEREAS, the parties desire to continue to maintain the status quo in this action, pending the outcome of their further settlement activities; and

4

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

WHEREAS, apart from the first stipulation to stay the case, the parties have requested no other significant postponements of existing case deadlines.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties through their respective counsel, and subject to the approval of this Court, as follows:

1. The stay of the case entered by the Court on December 7, 2007, and effective through April 1, 2008, is continued in all respects until June 2, 2008, except as set forth herein.

2. At no time – that is, neither during this stay nor after this stay has expired – shall the parties, their attorneys, or their representatives make any comments to the press or non-parties (including the issuance of any press releases) regarding the existence, or any aspect, of this Stipulation or the stay.

3. The parties shall advise the Court in writing by no later than June 2, 2008 whether a settlement has been reached in this matter. If no settlement has been reached, the parties shall meet and confer in good faith and file a Joint Case Management Statement by June 6, 2008 setting all new case deadlines.

4. By no later than May 29, 2008, and notwithstanding the existence of the stay, the parties shall meet and confer in good faith and shall agree upon new deposition dates (all of which must post-date the expiration of the stay, *i.e.,* June 2, 2008) for: William E. Sagan, Katherine York, Jim Lockhart, Nathan Nishiguchi, Kevin Cain, Courtney Chatalas, Gavin Haag, Peter Lockhart, George Alexandrou, Angela Zimmerman, Norton LLC (30(b)(6)), Bill Graham Archives LLC d/b/a Wolfgang's Vault (30(b)(6)), Raymond Manzarek, Alejandro Zubillaga, Bob Weir, Scott Pascucci, Pearl Courson, George Fearon, Jeff Jampol, George Morrison, Joan Hudson, Phil Lesh, Mickey Hart, and Bill Kreutzmann, subject to any reservation of rights set forth in writing by any party prior to the date of the stay.

5. If this action has not settled prior to the expiration of the stay, Defendants may re-notice their Motion to Dismiss Plaintiffs' Eleventh and Twelfth Claims once the stay is lifted.

5

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

6. If this action has not settled prior to the expiration of the stay, Plaintiffs and Counter-Defendants will have up to and including June 23, 2008 to answer or otherwise respond to Defendants' First Amended Counterclaims.

7. If this action has not settled prior to the expiration of the stay, Plaintiffs shall produce and/or serve all documents that they have previously agreed to produce in response to Defendants' Second, Third and Fourth sets of Requests for Production, and shall also serve written responses to Defendants' Fourth set of Requests for Production, by June 23, 2008.

8. If this action has not settled prior to the expiration of the stay, notwithstanding non-privileged documents responsive to Plaintiffs' Request for Production Nos. 53 and 54, which Defendants have already produced, the remainder of Judge Trumbull's November 2, 2007 Order shall remain in full force and effect subject to the following revisions:

- Defendants and Plaintiffs shall hold the two hour in person meet and confer regarding Plaintiffs' production of documents and other discovery no later than June 23, 2008; and

- If this action has not settled prior to the expiration of the stay, Defendants shall produce and/or serve all documents, things, letters, and written discovery responses required by the November 2 Order no later than June 23, 2008, except Defendants shall produce by June 9, 2008 all audio and audiovisual recordings required to be produced by the November 2 Order that Defendants have copied as of June 9, 2008.

All parties reserve their rights with respect to the November 2 Order and its scope and intent.

9. Any other currently outstanding discovery items for which a deadline is imposed by the Federal Rules of Civil Procedure (*e.g.,* changes to deposition transcripts) shall be served no later than June 23, 2008.

10. During the stay, neither the parties nor any of their parents, subsidiaries, or affiliates shall file any new claims that relate to the claims at issue in this action – either in this Court or any other court – against any other party that is currently adverse to them. Additionally, for the duration of the stay and for 21 days thereafter, *i.e.*, until June 23, 2008 (the "Tolling Period"), the parties agree

6

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

1  to toll the running of any applicable statutes of limitations relating to any unasserted claims that the
2  parties (including, in the case of Warner Music Group and for purposes of this paragraph 10 only, its
3  affiliates and subsidiaries, including but not limited to Atlantic Recording Corporation, Warner Bros.
4  Records Inc., and Elektra Entertainment Group Inc.) may have against each other, and agree not to
5  assert any defense of limitations, laches, or estoppel by laches, or other time bar as a defense with
6  respect to any action, proceeding, lawsuit, or demand based on, arising out of or in any manner
7  relating to those claims, on account of any passage of time during the Tolling Period, such that any
8  passage of time that occurs during the Tolling Period will not be counted or computed for the purpose
9  of any statute of limitations, laches, or estoppel by laches defense or any other time bar.

10       11.     Except as specifically set forth in this Stipulation, all court orders in this action remain
11  in full force and effect.

12  ///
13  ///
14  ///

7

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW
PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)

Gibson, Dunn & Crutcher LLP

12. Nothing in this Stipulation shall be effective unless and until the Stipulation is approved by this Court. Upon approval by the Court, however, the Stipulation shall be deemed to have been in effect since the date of its filing.

DATED: April 1, 2008            Respectfully submitted,

                              GIBSON, DUNN & CRUTCHER LLP
                              Jeffrey H. Reeves
                              S. Ashlie Beringer
                              Joshua A. Jessen
                              Laura M. Sturges

                              By: _____/s/_____
                                      Jeffrey H. Reeves

                              Attorneys for Plaintiffs and Counter-Defendants

DATED: April 1, 2008            WINSTON & STRAWN LLP
                              Michael S. Elkin
                              Thomas P. Lane
                              Rebecca Lawlor Calkins
                              Erin R. Ranahan

                              By: _____/s/_____
                                      Thomas P. Lane

                              Attorneys for Defendants and Counterclaimants

In accordance with Civil L.R. 5-4 and General Order No. 45(X)(B), I, Joshua A. Jessen, attest under penalty of perjury under the laws of the United States of America that I have the concurrence of the other signatories to this document.

                                                              s/ Joshua A. Jessen
                                                               Joshua A. Jessen

PURSUANT TO STIPULATION, IT IS SO ORDERED.   The parties shall appear for a Status Conference on **June 16, 2008 at 10 a.m.**  The parties shall file a Joint Status Report on or before **June 6, 2008.**  This is the parties' final continuance.

Dated: April 9, 2008            _____/s/ James Ware_____
                                JAMES WARE
                                United States District Judge

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF CASE UNTIL JUNE 2, 2008 TO ALLOW PARTIES TO DEVOTE ADDITIONAL TIME AND ENERGY TO MEDIATE DISPUTE – 06-07727 (JW) (PVT)